IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**George M. Lewis, M.D.**
George M. Lewis, M.D., Pro Se
7095 Hollywood Blvd.
# 1245
Hollywood, Ca. 90028
323-512-0198

RECEIVED
SEP - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Plaintiff*

CASE No. 1:07-CV-0939 (RMU)

**Motion in Opposition to Defendant's
Motion to Dismiss Pursuant to
<u>Fed. Rules Civil Proc. Rule 56 (f)</u>**

vs.

**Senator Evan Bayh, United States
Senator from Indiana**
    *Defendant*
_____/

**COMES NOW** George M. Lewis, M.D., appearing Pro Se, who asks this honorable court to her this complaint (Haines v. Kener 1972 401US 519, 30L Ed. 2d 652 92 S.Ct. 594), who submits this motion in opposition to defendant's motion to dismiss pursuant to Fed. R.CIF Proc. Rule 12 (b). Plaintiff who resides in California received the district court's order to file an answer to Defendant Senator Evan Bayh's motion on September 5, 2007, the day of the deadline he had been given by the district court for filing his response. This quite obviously posed an obstacle with respect to compliance.

Defendant Senator Evan Bayh submitted a motion 12 (b) (6) for failure to state a claim. Such motion that may be transformed into summary judgment motions if it is

1

based on matters outside the pleadings and if those matters are considered by the court. [1] Normally, a motion to dismiss for failure to state a claim presumes the truth of the allegations of the complaint and considers only those allegations, matters or documents attached to and incorporated in the complaint, and matters of which the court may take judicial notice.[2]

However, Plaintiff has had no opportunity conduct discovery to obtain affidavits that contain specific facts explaining the failure to respond by demonstrating the existence of a genuine issue of fact. [3] Plaintiff has established undisputed facts in this case. And, he does not wish to rely on "vague and conclusory allegations. Defendant erred when he stated that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [4] Defendant erred when he stated that plaintiff's allegations do not establish the elements of a claim under either 42 U.S.C.S. 1985 OR 42 U.S.C.S 1986, or that an amended complaint might correct the showing. Defendant erred when he asserted a claim for monetary damages from Defendant for personal actions taken in violation of 42 U.S.C.S. 1983 is not applicable to federal officials. [5] Defendant erred

---

[1] When a motion is made to dismiss for failure to state a claim on which relief may be granted, and matters outside the pleadings are presented to and not excluded by the court, the motion will be treated as a motion for summary judgment and disposed of under Rule 56. See Moore's Federal Practice 12.51 (Matthew Bender, 3d. ed.)
[2] See Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-1018 (5th Cir. 1996).
[3] SEC v. Spence & Green, 612 F.2d at 900.
[4] Defendant Senator Evan Bayh Motion to Dismiss, p.10.
[5] Defendant Senator Evan Bayh Motion to Dismiss, p 13; Complaint which alleges that federal officials acted in conspiracy with state officials under color of state law may properly be filed under 42 USCS 1983. American Civil Liberties Union v. Chicago 91976, ND Ill) 431 F Supp 25 subsequent app (1977, CA 7 Ill) 558 F2d 1031, cert den (1977) 434 US 828, 54 L Ed 2d 87, 98 S Ct 108, subsequent cert den (1977, CA7 Ill) 565 F2d 975, 24 FR Serv 2d 547 9criticized in Hodgers-Durgin v De La Vina (1999, CA9 Ariz) 165 F3d 667, 99 CDOS 326, 99 Daily Journal DAR 403, 42 FR Serv 3d 837)

when he stated, [such an] "allegation does not state a claim for the violations of plaintiff's constitutional rights." Or, that the complaint cannot be amended to correct any errors. [6] Defendant Senator Evan Bay erred in stating that plaintiff's allegations failed to allege the four elements of a conspiracy under 42 U.S.C.S. 1985 (3). [7] Defendant Senator Evan Bayh erred in stating that plaintiff failed to state that plaintiff failed to allege that their was an agreement or meeting of the minds to violate [plaintiff's] civil rights because of his membership in a protected class." [8] Defendant Senator Evan Bayh erred when he limited the significance of the allegations to the fact "that Senator Bayh blocked production of the reports *not* because of any class based animus, but "in order to protect himself and his Indiana constituents." [9]

---

[6] Defendant Senator Evan Bayh, Motion to Dismiss, p. 15; Where federal officials act in complicity with state defendants to deprive person of constitutional rights, federal defendants may be liable in damages under 42 USCS 1983. Telebraph Sav. & Loan Ins. Corp. (1981, ND Ill) 947 F Supp 1252.

[7] Defendant Senator Evan Bayh, Motion to Dismiss, p 15; In order to prove existence of civil conspiracy, plaintiff is not required to provide direct evidence of agreement between conspirators, and circumstantial evidence may provide adequate proof of conspiracy; plaintiff seeking redress under 42 USCS 1985 for civil conspiracy need not prove that each participant in the conspiracy knew exact limits of illegal plan or identity of all participants therein, and express agreement among all conspirators is not necessary element of civil conspiracy. Hampton v. Hanrahan (1979) CA7 Ill) 600 F2d 600, rvd, in part on other grounds (1980) 446 US 754, 64 L Ed 2d 670, 100 S Ct 1987, reh den (1980) 448 US 913, 65 L Ed 2d 1176, 101 S Ct 33 and reh den (1980) 448 US 913, 65 L Ed 2f 1177, 101 S Ct 33.

[8] Defendant Senator Evan Bayh, Motion to Dismiss, p. 16 [8] A successful 42 U.S.C.S. 1983 claim requires a showing of the deprivation of a constitutional or federal statutory "right". This showing is required because 1983 creates a remedy when rights are violated but does not create any rights itself, Maine v. Thiboutot, 448 U.S. 1, 100 S. Ct 2502, 65 L. Ed2d 555 (1980).

[9] Recovery under 42 U.S.C.S. 1985 (3) can be had only if plaintiff suffered injury as result of act taken in furtherance of conspiracy; nevertheless, proof of agreement itself, as distinct from compensable injury, can derive from evidence of act done by conspirators, whether or not act caused injury that would be actionable under 1985 (3). Hobson v. Wilson (1982, DC Dist Col) 556 F Supp 1157, affd in part and revd in part on other grounds (1984, App DC) 237 US App DC 219, 737 F2d 142, 105 S Ct 1843 and

Defendant Senator Evan Bayh erred when he stated "plaintiff fails to allege sufficient facts to state a claim of conspiracy under 42 U.S.C.S. 1985". [10] a constitutional right upon which no Plaintiff asks for the postponement of a ruling on grounds that the continuance will enable Plaintiff, by discovery or other means, to rebut the Defendant's assertion of the absence of a genuine issue of fact. [11] Defendant

Without discovery, Plaintiff has a substantial handicap in any attack on the facts asserted in its initial and amended complaints. [12] In this case, plaintiff is not seeking additional discovery, but <u>discovery at all</u> and summary judgment should not be ordinarily granted before discovery has been completed.

Plaintiff can show Senator Bayh was a co-conspirator through disclosures of from government agencies as well as the people named in the complaint. There should not be a rush to judgment where plaintiff has had <u>no</u> opportunity for discovery. Another issue the court should consider is the accessibility to the evidence both parties rely on in the prosecution of this case. The basic principles of the factors of access to proof must be seriously considered in ruling on a defendant's motion for summary judgment,

---

(criticized in Atchinson v. District of Columbia (1996, App DC) 315 US App DC 318, 73 F3d 418, 33 FR Serv 3d 1033).
[10] Defendant Senator Evan Bayh, Motion to Dismiss, p. 16; Specific intent need not be alleged in a suit under 42 USCS 1985 (3); facts pleaded must merely show an "invidiously discriminatory animus" behind the conspirators' action. Azar v. Conley (1972, CA6 Ohio) 456 F2d 1382, 15 FR Serv 2d 1179.
[11] Xerox Corp. v. Genmorra Corp., Fifth Cir 15 F3d 104; 888 F2d 345.
[12] Plaintiff has presented several facts that are not disputed. Plaintiff believes discovery on the issues related to the events described in his amended complaint of September 2005, and affidavits from the Indiana Co-conspriators will help establish the genuine facts concerning the conspiracy Plaintiff alleged. Furthermore, Plaintiff believe the state agencies like the Indiana Judicial Commission, and federal agencies like the F.B.I. have information that has not been presented. Affidavits and depositions from these sources, too, should be allowed.

particularly where the proof must come mainly from sources largely within the control of the defendant's and from the mouths of the alleged wrongdoers. [13]

In a summary judgment under Fed. R. Civ P 12b(6) "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [14]

Plaintiff asks the district court to consider the serious issues raised, and review the propriety of summary judgment, with incomplete or non-existent discovery and either deny defendant's motion to dismiss or, in the alternative continue the matter until Plaintiff has an opportunity to obtain affidavits based on depositions that support the facts stated in his petition to the court.

Respectfully submitted,                    Dated:

*[signature]*                              09/05/07

George M. Lewis, M.D.
Pro Se

---

[13] Xerox Corp. v. Genmoora Corp., Fifth Cir., 15 F3d 104; 888 F2d 345
[14] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct 99, 101-102, 2 L.Ed2d 80, 84 (1957)

## Proof of Service

**Defendant**

Senator Evan Bayh
United States Senate
131 Hart Building
Washington, D.C.

_George M. Lewis_ (signature)

George M. Lewis, M.D.
7135 Hollywood Blvd. PH 3-West
Los Angeles, California 90046

DATE: 09/05/07