IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**George M. Lewis, M.D.**
George M. Lewis, M.D., Pro Se
7095 Hollywood Blvd.
# 1245
Hollywood, Ca. 90028
323-512-0198

RECEIVED
SEP 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Plaintiff*                    CASE No. 1:07-CV-0939 (RMU)

*vs.*                          MOTION FOR AN EXTENSION
                               IN TIME PURSUANT TO
                               F.R.Civ. Proc. Rule 6 (b) (2)

**Senator Evan Bayh, United States
Senator from Indiana**
    *Defendant*

_____/

**COMES NOW** George M. Lewis, M.D., appearing Pro Se, who asks this honorable court to her this complaint (Haines v. Kener 1972 401US 519, 30L Ed. 2d 652 92 S.Ct. 594), who submits this motion for an extension in time pursuant to F.R.Civ. Proc. Rule 6 (b) (2) to file his responsive motion to the district court's order. Plaintiff asks the court to note that its order was issued on August 27, 2007 in Washington, D.C. and Plaintiff did not receive it until September 5, 2007 in Hollywood, California. The order required Plaintiff to submit his response on or no later than September 5, 2007.

1

With all due respect to the court, Plaintiff completed and sent via USPS, Express Mail, return receipt requested. It was postmarked on September 5, 2007.[1] If the court takes Defendant Senator Evan Bayh's motion Rule 12 (b) (6) as Rule 56 Motion for Summary Judgment, Plaintiff should receive notice and time to prepare a showing in deposition, affidavits, and evidence in opposition to Defendant's summary judgment motion. Plaintiff can produce affidavits showing that his household belongings were stolen during the eviction from the Geist Road house, and in support of his allegations that Siedel used a racial slur to denigrate Plaintiff when he stole his household belongings. He can also gather deposition from those named in his petition, showing the basis "in fact" for his allegations, as well as the production of government records from investigations that have been conducted into these matters.

In the alternative, Plaintiff asks the court to grant Plaintiff an extension in time under F.R.Civ. Proc. Rule 5 (e) that states: Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

## CONCLUSION

For these reasons and for any other considerations the court deems worthy of to offer Plaintiff relief from the court's previous order. In the interest of justice, and the interest of fairness Plaintiff asks to court to extend the time in which Plaintiff is required

---

[1] See Affidavit.

to respond to Defendant Evan Bayh's Motion to Dismiss under Rule 12 (b) (6) that may be converted into a Rule 56 Summary Judgment.

Respectfully submitted,

George M. Lewis, M.D.
Pro Se

DATED:

09/08/07

# AFFIDAVIT

September 8, 2007

George M. Lewis, M.D., Pro Se
7095 Hollywood Blvd.
# 1245
Hollywood, Ca. 90028
323-512-0198

Re: CASE No. 1:07-CV-0939 (RMU)

I swear under the penalty of perjury the following to be the truth. I went to my post office box in Hollywood, California on Thursday August 30, 2007, prior to leaving town for the long Labor Day weekend. I collected all of my mail at that time. When I returned to the post office box, after the holiday weekend, on September 5, 2007, the court's order was there. That was the first time I had discovered its presence. I diligently prepared a Motion Rule 56 (f) in response to the court order, opposing Defendant's motion to dismiss. My motion was taken to the Post Office, postmarked on September 5, 2007, and mailed via USPS, Express Mail, return receipt requested.

Respectfully submitted,

George M. Lewis, M.D.
Pro Se

DATED:

09/08/07