IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
GEORGE M. LEWIS, M.D.,                              )
                                                    )
            Plaintiff,                              )
                                                    )
            v.                                      )        No. 1:07-CV-0939 (RMU)
                                                    )
SENATOR EVAN BAYH,                                 )
                                                    )
            Defendant.                              )
_____)

**DEFENDANT SENATOR EVAN BAYH'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant Senator Evan Bayh, through undersigned counsel, hereby respectfully moves

this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff's Amended Complaint in its

entirety with prejudice for failure to state a claim upon which relief can be granted.  On August 3,

2007, defendant had moved to dismiss plaintiff's original complaint in this civil action.  Plaintiff

filed a response to that motion, and then, on September 10, prior to the Court's ruling on the

motion to dismiss, plaintiff filed an amended complaint.  The amended complaint fails to cure

the defects in plaintiff's original complaint, and defendant accordingly hereby moves to dismiss

the amended complaint for failure to state a claim.

Plaintiff's amended complaint against Senator Bayh fails to state a claim as a matter of

law and should be dismissed on the following grounds.  First, the actions underlying plaintiff's

amended complaint all are alleged to have occurred over three years ago and are barred by the

statute of limitations applicable to each of the claims raised.  Second, no claim under 42 U.S.C.

§ 1983 can be brought against Senator Bayh because he is a federal official alleged to have acted

under federal law, and § 1983 only applies to persons acting under color of state law.  Third, no *Bivens* remedy is available for plaintiff's allegations that Senator Bayh blocked production of documents in response to his Freedom of Information Act request.  Fourth, plaintiff's amended complaint does not allege any action of Senator Bayh's that violated his constitutional rights, and thus fails to state a claim under § 1983 or *Bivens* as a matter of law.  Fifth, plaintiff's allegations fail to state a claim for conspiracy to violate civil rights under 42 U.S.C. §§ 1985 and 1986.  Sixth and finally, Senator Bayh is entitled to qualified immunity because none of the actions allegedly taken by the Senator violated any of plaintiff's clearly established rights.

For all these reasons, which are explained more fully in the accompanying Memorandum of Points and Authorities in Support of Defendant Senator Evan Bayh's Motion to Dismiss Plaintiff's Amended Complaint, the Amended Complaint should be dismissed with prejudice.

Respectfully submitted,


 /s/
Morgan J. Frankel, Bar #342022
Senate Legal Counsel

Patricia Mack Bryan, Bar #335463
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
Tel: (202) 224-4435

September 24, 2007                    Counsel for Defendant Senator Evan Bayh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
GEORGE M. LEWIS, M.D.,                      )
                                                          )
            Plaintiff,                                 )
                                                          )
            v.                                            )            No. 1:07-CV-0939 (RMU)
                                                          )
SENATOR EVAN BAYH,                         )
                                                          )
            Defendant.                             )
_____)


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT SENATOR EVAN BAYH'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**


<div style="margin-left:50%">

Morgan J. Frankel, Bar #342022
Senate Legal Counsel

Patricia Mack Bryan, Bar #335463
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
Tel: (202) 224-4435

</div>

September 24, 2007                          Counsel for Defendant Senator Evan Bayh

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

    A.  Plaintiff's Prior Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

    B.  Plaintiff's Allegations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Plaintiff's Amended Complaint Fails to State A Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

I.     Plaintiff's Claims Are Barred by the Statute of Limitations. . . . . . . . . . . . . . . . . . . . . .  12

II.    Plaintiff's Allegations Fail to State a Claim Under Either
      42 U.S.C. § 1983 or *Bivens*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

    A.     The Alleged Actions of Senator Bayh Were Not Taken
           "Under Color of" State Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

    B.     There Is No *Bivens* Remedy Against Government Officials
           for Withholding Documents Under FOIA. . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

    C.     Plaintiff's Amended Complaint Fails to State a Claim Under
           § 1983 or *Bivens* for Violation of His Constitutional Rights. . . . . . . . . . . . . .  18

III.   Plaintiff's Amended Complaint Fails to State a Claim for a Conspiracy
      Under 42 U.S.C. §§ 1985 and 1986. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

    A.  42 U.S.C. § 1985. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

    B.  42 U.S.C. § 1986. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

IV.   Defendant Bayh is Entitled to Qualified Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

*Attachment*

*George M. Lewis v. United States, et al.*, Civil No. 02-3249 FMC, 2003 WL
22183773 (C.D. Cal. June 2, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Order Adopting Magistrate Judge's Findings, Conclusions and Recommendations
(July 27, 2005) and Report and Recommendation of United States Magistrate Judge
(June 2, 2005), *Lewis v. Bayh, et al.*, No. 04-2950-AHS (RNB) (C.D. Cal.). . . . . . . . . . . . . .  2

Order Adopting Magistrate Judge's Findings, Conclusions and Recommendations
(Nov. 7, 2005), and Report and Recommendation of United States Magistrate Judge
(Aug. 10, 2005), *Lewis v. Bayh, et al.*, No. 04-2950-AHS (RNB) (C.D. Cal.). . . . . . . . . . . . .  3

*Lewis v. Bayh*, No. 05-56930, 2007 WL 1202881 (9th Cir. Apr. 24, 2007). . . . . . . . . . . . . . . .  4

# TABLE OF AUTHORITIES

Cases:

*Alexander v. Washington Gas Light Co.*, 481 F. Supp. 2d 16 (D.D.C.),
    *aff'd*, No. 06-7040, 2006 WL 3798858 (D.C. Cir. Aug. 24, 2006). . . . . . . . . . . . . . . . . . 21

*Anderson v. Creighton*, 483 U.S. 635 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Bame v. Clark*, 466 F. Supp. 2d 105 (D.D.C. 2006), *appeal dismissed*,
    2007 WL 1760490 (D.C. Cir. June 11, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416 (D.C. Cir. 1986). . . . . . . . . . . . 12, 13

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
    403 U.S. 388 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17

*Bouchet v. National Urban League, Inc.*, 730 F.2d 799 (D.C. Cir. 1984). . . . . . . . . . . . . . . . . 15

*Brady v. Livingood*, 360 F. Supp. 2d 94 (D.D.C. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19

*Bush v. Lucas*, 462 U.S. 367 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Carney v. American Univ.*, 151 F.3d 1090 (D.C. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Ciambriello v. County of Nassau*, 292 F.3d 307 (2$^d$ Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . 4, 20

*Conley v. Gibson*, 355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Crawford-El v. Britton*, 523 U.S. 574 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

\* *Dupree v. Jefferson*, 666 F.2d 606 (D.C. Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Fitzgerald v. Seamans*, 553 F.2d 220 (D.C. Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Fletcher v. District of Columbia*, 481 F. Supp. 2d 156 (D.D.C. 2007). . . . . . . . . . . . . . . . . 11, 15

*Friends of Falun Gong v. Pac. Cultural Enterprise, Inc.*, 288 F. Supp. 2d 273
    (E.D.N.Y. 2003), *aff'd*, 109 Fed. Appx. 442 (2$^d$ Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . 20

*Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3$^d$ Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . 14

\* *Graves v. United States*, 961 F. Supp. 314 (D.D.C. 1997), *appeal dismissed*,
    1998 WL 202177 (D.C. Cir. Mar. 11, 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Griffin v. Breckenridge*, 403 U.S. 88 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

*Hardin v. Straub*, 490 U.S. 536 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Haynesworth v. Miller*, 820 F.2d 1245 (D.C. Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Henthorn v. Department of the Navy*, 29 F.3d 682 (D.C. Cir. 1994). . . . . . . . . . . . . . . . . . 11

*Hishon v. King & Spalding*, 467 U.S. 69 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

\* *Hoai v. Vo*, 935 F.2d 308 (D.C. Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 21

*Hobson v. Wilson*, 737 F.2d 1 (D.C. Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

\* *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771 (D.C. Cir. 2002). . . . . . . . . . . 4, 18

*Kalka v. Hawk*, 215 F.3d 90 (D.C. Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994). . . . . . . . . . . . . . . . . 11

*Lenard v. Argento*, 699 F.2d 874 (7th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Mack v. Department of the Navy*, 259 F. Supp. 2d 99 (D.D.C. 2003). . . . . . . . . . . . . . . . 18, 20

*Maljack Productions, Inc. v. Motion Picture Ass'n of America, Inc.*,
52 F.3d 373 (D.C. Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Malley v. Briggs*, 475 U.S. 335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*McCalden v. California Library Ass'n.*, 955 F.2d 1214 (9th Cir. 1990). . . . . . . . . . . . . . . . . 22

*McGehee v. Casey*, 718 F.2d 1137 (D.C. Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20

*Mitchell v. Forsyth*, 472 U.S. 511 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Mollnow v. Carlton*, 716 F.2d 627 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Montgomery v. De Simone*, 159 F.3d 120 (3d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 14

*Morales v. City of Los Angeles*, 214 F.3d 1151 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . 14

*Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916 (9th Cir. 2004). . . . . . . . . . . . . . . . . . 14

*Owens v. Okure*, 488 U.S. 235 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Perkins v. Silverstein*, 939 F.2d 463 (7th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Rodriguez-Garcia v. Municipality of Caguas*, 354 F.3d 91 (1st Cir. 2004). . . . . . . . . . . . . . . . 14

*Saucier v. Katz*, 533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Schweiker v. Chilicky*, 487 U.S. 412 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Settles v. U.S. Parole Comm'n*, 429 F.3d 1098 (D.C. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . 16

*Siegert v. Gilley*, 500 U.S. 226 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575 (D.C. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . 11

*Spagnola v. Mathis*, 859 F.2d 223 (D.C. Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Thomas v. News World Communications*, 681 F. Supp. 55 (D.D.C. 1988). . . . . . . . . . . . . . . . . 22

*Tripp v. Department of Defense*, 173 F. Supp. 2d 58 (D.D.C. 2001). . . . . . . . . . . . . . . . . . . . . . 23

*TwoRivers v. Lewis*, 174 F.3d 987 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Classic*, 313 U.S. 299 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*West v. Atkins*, 487 U.S. 42 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Williams v. United States*, 396 F.3d 412 (D.C. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*X-Men Security, Inc. v. Pataki*, 196 F.3d 56 (2[d] Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Statutes:

5 U.S.C. § 552 (a)(4)(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28 U.S.C. § 2401(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

42 U.S.C. § 1985. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

42 U.S.C. § 1986 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

D.C. Code § 12-301(4).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

D.C. Code § 12-301(8).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
GEORGE M. LEWIS, M.D.,                   )
                                        )
        Plaintiff,                       )
                                        )
        v.                               )        No. 1:07-CV-0939 (RMU)
                                        )
SENATOR EVAN BAYH,                       )
                                        )
        Defendant.                       )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT SENATOR EVAN BAYH'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff George M. Lewis filed this action, *pro se*, against Senator Evan Bayh asserting

claims under 42 U.S.C. §§ 1983, 1985, and 1986.  On August 3, 2007, defendant moved to

dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

Plaintiff responded to that motion on September 7, and subsequently, on September 10, before

the Court had ruled on defendant's pending motion, plaintiff filed an amended complaint.

However, plaintiff's amended complaint fails to cure the defects in plaintiff's original complaint

that underlay defendant's motion to dismiss.  Accordingly, defendant now moves to dismiss

plaintiff's amended complaint.  For the reasons discussed herein, the Court should dismiss

plaintiff's amended complaint with prejudice.

In his amended complaint, plaintiff alleges that Senator Bayh interfered with production

of two investigative reports by the Department of the Treasury that were responsive to plaintiff's

Freedom of Information Act ("FOIA") request.  Specifically, plaintiff states that he made

allegations of misconduct that were considered by the Treasury Inspector General for Tax

Administration ("TIGTA"), which produced seven investigative reports regarding plaintiff's allegations. Plaintiff claims, without offering any factual basis or support for his assertion, that Senator Bayh requested and reviewed two of those investigative reports and that the Senator then blocked production of those reports in response to plaintiff's FOIA request. Plaintiff further claims, based solely on this fanciful assertion, that Senator Bayh is part of a 10-year conspiracy against plaintiff, that has manifested itself in various activities harmful to plaintiff, including government wiretapping, corruption in child support hearings in which he was involved, eviction from his house, suspension of his medical license, and untoward attempts to entrap him in illegality. Plaintiff claims that by blocking the release of documents in response to his FOIA request, Senator Bayh violated his rights under 42 U.S.C. §§ 1983[1], 1985(3), and 1986. Amended Civil Complaint for Damages Pursuant to 42 U.S.C. 1983, 1985, and 1986 [hereinafter "Am. Compl."] at 2. For relief, plaintiff seeks compensatory and punitive damages from Senator Bayh in his personal capacity.

This suit is not the first time plaintiff has brought the allegations he raises in this case before the federal courts. In 2002, plaintiff filed suit under FOIA in federal district court in Los Angeles challenging the Treasury Department's claimed exemptions for withholding documents in response to his 2001 FOIA request. The court rejected plaintiff's arguments, and upheld the Treasury Department's withholding of documents under the claimed FOIA exemptions. In 2004, plaintiff filed suit again in federal district court in Los Angeles, this time naming Senator Bayh

---

[1] While plaintiff asserts a claim under 42 U.S.C. § 1983, section 1983 applies only to persons acting "under color of state law" and thus, as explained in Argument section II.A *infra*, does not cover the actions of a federal official such as Senator Bayh. Defendant therefore addresses plaintiff's claim both as a § 1983 claim and also as a claim brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which is the equivalent of § 1983 in the federal officer context.

and various federal, state, and local officials and private persons and entities, and asserting that

the defendants violated his constitutional rights based on wide-ranging allegations of conspiracy,

including his allegation that Senator Bayh blocked production of two TIGTA reports in response

to his 2001 FOIA request.  That suit was dismissed against Senator Bayh for improper venue and

against the other defendants on statute of limitations grounds and failure to state a claim as a

matter of law.

Now, plaintiff brings suit solely against Senator Bayh, once more alleging that the

Senator violated plaintiff's rights by blocking production of documents in response to plaintiff's

2001 FOIA request and by being a part of the long-running conspiracy against plaintiff.  Yet,

plaintiff's amended complaint once again contains no allegations that offer any factual grounds

whatsoever to support plaintiff's assertion that Senator Bayh interfered with plaintiff's FOIA

request, and defendant remains at a loss to understand why plaintiff believes that to be the case.

Plaintiff's claims against Senator Bayh are subject to dismissal for failure to state a claim

on the following grounds.  First, because the events alleged by plaintiff occurred more than three

years ago, the applicable statute of limitations for his claims under 42 U.S.C. § 1983, *Bivens*, 42

U.S.C. § 1985, and 42 U.S.C. § 1986 have run, and plaintiff's claims are time-barred.  Second,

even if not barred by the statute of limitations, plaintiff's § 1983 claim must be dismissed

because Senator Bayh is a federal official alleged to have acted under color of federal law, and a

§ 1983 claim may be brought only against persons acting under color of state law.  Third, to the

extent the Court reads plaintiff's § 1983 claim as a *Bivens* action, it should still be dismissed

because no *Bivens* remedy is available against Senator Bayh for alleged interference in the

Treasury Department's response to plaintiff's FOIA request.  The comprehensive scheme created

by Congress in the FOIA for requesting government records and challenging the withholding of

such records "precludes the creation of a *Bivens* remedy," for activities involved in responding to a FOIA request. *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002). Fourth, plaintiff's allegations that Senator Bayh blocked production of records in response to his FOIA request does not state a claim under § 1983 or *Bivens* for violation of plaintiff's constitutional rights as there is no general constitutional right to acquire documents from the government.

Fifth, plaintiff's allegations fail to state a claim under 42 U.S.C. § 1985, as plaintiff has not alleged any specific facts showing an agreement by Senator Bayh to enter into a conspiracy to abridge plaintiff's rights. Plaintiff's general and conclusory allegations that Senator Bayh knew of but took no action to prevent harm to plaintiff (or otherwise sought to conceal the alleged wrongdoing) are simply insufficient to state a claim for conspiracy under § 1985. *See Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004); *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2ᵈ Cir. 2002). In addition, plaintiff has not shown how blocking the production of records would deprive him of any constitutional or civil right protected under § 1985. Moreover, plaintiff fails to state a claim under § 1985 because he has not alleged that Senator Bayh's purported action in blocking production of records to plaintiff was motivated by a racial or other class-based animus. *See Hoai v. Vo*, 935 F.2d 308, 314 (D.C. Cir. 1991) ("The scope of section 1985(3) is limited, however, by the condition that such conspiracies be motivated by some class-based, invidiously discriminatory animus.") (internal quotation marks and citation omitted). And, as a valid claim under 42 U.S.C. § 1985 is a prerequisite to stating a claim under 42 U.S.C. § 1986 (knowing of and failing to prevent harm from a § 1985 conspiracy to violate rights), plaintiff's failure to state a claim under § 1985 is fatal to his attempt to raise a claim under § 1986.

-4-

Sixth and finally, even if plaintiff could state a claim against Senator Bayh for violation of plaintiff's constitutional rights, Senator Bayh would be protected by qualified immunity as it cannot be shown that Senator Bayh's alleged actions in blocking production of certain reports in response to plaintiff's FOIA request violated a clearly established constitutional right of plaintiff. Accordingly, for these reasons, plaintiff has failed to state a claim and his amended complaint should be dismissed with prejudice.

## BACKGROUND

### A.     Plaintiff's Prior Litigation

This civil action arises out of a 2001 FOIA request that plaintiff made to the Department of the Treasury seeking investigative reports from the TIGTA.  Plaintiff alleges that those reports detailed the results of investigations into complaints and allegations he had raised.  In response to that FOIA request, the Treasury Department produced 509 pages of materials but withheld 205 pages on privacy and law enforcement exemptions under FOIA.  Am. Compl.¶ 11.  Unsatisfied with that response, plaintiff filed suit under FOIA in the United States District Court for the Central District of California challenging the Treasury Department's withholding, and that court upheld the claimed exemptions.  *George M. Lewis v. United States, et al.*, Civil No. 02-3249 FMC, 2003 WL 22183773 (C.D. Cal. June 2, 2003) [Attachment 1].[2]

In 2004, plaintiff filed a new civil suit in the U.S. District Court for the Central District of California against various federal, state, and local officials, including Senator Bayh, as well as private citizens and companies.  Am. Compl. at 2.  In that suit, plaintiff asserted 11 causes of

---

[2]  Plaintiff did not appeal that decision, but rather moved for relief from judgment under Fed. R. Civ. P. 60(b) a year after the court had granted judgment to the government.  The court denied that motion, and the Ninth Circuit affirmed that denial.  *George M. Lewis v. United States, et al.*, 143 Fed. Appx. 897 (9th Cir. 2005).

action under 42 U.S.C. §§ 1983 and 1985 involving alleged conspiracies to violate his

constitutional rights, based on largely similar allegations to those made in the instant case.  *Lewis*

*v. Bayh, et al.*, No. 04-2950-AHS (RNB) (C.D. Cal.).[3]  The alleged conspiracies involved, *inter*

*alia*, electronic monitoring of plaintiff's communications, *see* Attachment 2, June 2, 2005 Report

and Recommendation in *Lewis v. Bayh, et al.*, No. 04-2950-AHS (RNB) (C.D. Cal.) at 11, 16;

attempts to derail his filing of an appeal in his pending FOIA lawsuit, *see id.* at 10-11;

suspension of his medical license by a state medical board, *see id.* at 22-23; an attempt by the

government to entrap him by sending an inebriated young woman to proposition him at his home,

*see id.* at 26; eviction from his house, *see id.* at 27; being encouraged to open an "illegal" bank

account, *see id.* at 17; theft of his property in the course of his forced move upon being evicted

from his house, *see id.* at 27; irregularities in the entry of a court decision in his eviction

proceedings, *see id.* at 29; and, an attempt by a prison employee to murder plaintiff by toxic

poisoning while plaintiff was incarcerated, *see id.* at 32.  As to Senator Bayh, plaintiff's amended

complaint in that case alleged that the Senator Bayh restricted access to certain TIGTA

investigative reports in response to plaintiff's FOIA request.  *See* Attachment 3, August 10, 2005

Report and Recommendation in *Lewis v. Bayh, et al.*, No. 04-2950-AHS (RNB) (C.D. Cal.) at 4.

The district court dismissed all of the federal claims against the defendants with prejudice

on failure to state a claim and/or statute of limitations grounds, except for the claim against

---

[3]  The court in *Lewis v. Bayh, et al.*, No. 04-2950-AHS (RNB) (C.D. Cal.), issued two rulings dismissing claims in the case: (1) a July 27, 2005 Order adopting the Magistrate Judge's June 2, 2005 Report and Recommendation dismissing claims against the state and private defendants, [Order and Report and Recommendation provided at Attachment 2] and (2) a November 7, 2005 Order adopting the Magistrate Judge's August 10, 2005 Report and Recommendation [Order and Report and Recommendation provided at Attachment 3] dismissing the claims against the federal defendants, including Senator Bayh.

Senator Bayh, which was dismissed without prejudice for improper venue. *See id.*; Attachment 3, November 7, 2005 Order at 2 and August 10, 2005 Report and Recommendation at 4-6. The Ninth Circuit affirmed the dismissal of plaintiff's complaint. *See* Attachment 4, *Lewis v. Bayh*, No. 05-56930, 2007 WL 1202881 (9th Cir. Apr. 24, 2007). Plaintiff filed the instant case on May 21, 2007, naming only Senator Bayh as a defendant.

### B.    Plaintiff's Allegations

In January 2001, plaintiff alleges that he brought to the attention of Senator Grassley (then-Chairman of the Senate Committee on Finance), various allegations of official misconduct by state officials regarding tax matters. Am. Compl. ¶ 9. Senator Grassley forwarded plaintiff's allegations to the Treasury Department, which subsequently had the TIGTA investigate the matter. *Id.* ¶¶ 9-10. Plaintiff subsequently was informed that seven investigative reports pertaining to his complaints had been produced by TIGTA, *id.* ¶ 10, and he initiated a FOIA request in 2001 for those reports. *Id.* ¶ 11. The Treasury Department produced many pages of responsive materials, but also withheld other materials under applicable FOIA exemptions. *Id.*[4]

Plaintiff further alleges that the documents provided to him in response to his FOIA request indicated two third-party congressional requests to review two investigative reports, Am. Compl. ¶¶ 3, 11, and 12, and that those reports "pertained to the alleged official misconduct of the public officials, private citizens, business, law enforcement officer, members of the bar, and other Indiana constituents [of Senator Bayh]" who were participants in a conspiracy against plaintiff. *Id.* ¶ 12. Plaintiff alleges further that it was Senator Bayh who requested and reviewed

---

[4]    As mentioned earlier, plaintiff challenged the claimed exemptions in the U.S. District Court for the Central District of California, *see id.* ¶ 11, and the exemptions were upheld by the court. *See George M. Lewis v. United States, et al.*, Civil No. 02-3249 FMC, 2003 WL 22183773 (C.D. Cal. June 2, 2003) [Attachment 1].

those reports, *id.* ¶ 13, and that the Senator then "took deliberate steps to block [the] release" of the documents to Plaintiff during the FOIA administrative process. *Id.* ¶ 13, 20.[5]

Based solely on these allegations, plaintiff asserts that Senator Bayh was part of a conspiracy" to deprive Plaintiff his constitutional rights, Am. Compl. ¶ 14, extending back nearly ten years. *Id.* ¶¶ 18, 32, and 33. This conspiracy involved numerous alleged actions taken against plaintiff (though none by Senator Bayh other than the alleged blocking of the FOIA production), including:

- During child support hearings involving plaintiff, the presiding commissioner "ordered the Court Reporter to turn off the tape machine and [] allowed the Deputy Prosecutor [] to attempt to extort money from Plaintiff[.]" Am. Compl. ¶ 38.

- The court that heard his child support matter forced plaintiff to give his attorney a power of attorney "under the threat of losing his Indiana medical license." *Id.* ¶ 39.

- An "IRS Revenue Officer" conspired with a local law enforcement official to steal plaintiff's automobile, "using the offices of" a vice president of a local bank "to disguise their intent to defraud Plaintiff." *Id.* ¶ 41.

- His attorney and the Clerk of the Indiana Supreme Court conspired to mislead him by "issuing a forged document" regarding the filing of a writ to stay eviction. *Id.* ¶¶ 48-50.

---

[5] Plaintiff's amended complaint offers no factual basis for his allegation that Senator Bayh was the source of the alleged congressional requests to review the two investigative reports and that Senator Bayh blocked release of those reports in response to plaintiff's FOIA request. The document plaintiff cites and attaches to his amended complaint for those assertions, Am. Compl., Ex. A, *see id.* ¶¶ 3, 12, contains nothing whatsoever that would provide any basis for plaintiff's assertion that Senator Bayh requested and reviewed the investigative documents and then blocked their release to plaintiff.

- While evicting plaintiff, "the sheriff's department ordered Plaintiff off the premises **before** the packing was completed, threatening him with arrest," *id.* ¶ 54 (emphasis in original), and a deputy sheriff told him that this was to "separate the men from the boys," *id.* ¶ 6, which plaintiff interpreted as a "racial taunt." *Id.* ¶¶ 6-8.

- Property removed during his eviction was never delivered to him, *id.* ¶ 55, and he was fraudulently billed by the moving company. *Id.* ¶¶ 63, 67.

- Persons involved in a civil conspiracy "manipulat[ed] Plaintiff into opening an illegal joint checking account[.]" *Id.* ¶¶ 74, 77.

- The government sent "an inebriated, attractive young woman" to his house "wanting to have sex with him" in order to "entrap him in a sexually compromising situation for which he could be charged with some crime and imprisoned." *Id.* ¶¶ 85-89.

- During negotiations with the IRS to settle his outstanding tax debt, money was credited to his account without explanation. *Id.* ¶¶ 91-94.

- A malpractice suit was filed against him by a former psychiatric patient, though it was eventually dismissed. *Id.* ¶¶ 100-05.

- Plaintiff lost guardianship of his father when he would not return to Indiana to appear in Probate Court, because the guardianship proceeding was merely an attempt to "lure[] Plaintiff back to Indiana to have him jailed, silenced, and discredited." *Id.* ¶¶ 108-10.

- The Indiana Medical Board "pre-dated a suspension order" of his medical license, based on plaintiff's failure to make child support payments, and then requested the California Medical Board to suspend plaintiff's California medical license, which it did, though it it later reinstated it. *Id.* ¶¶ 113-23.

- "[Plaintiff's] phones were wiretapped, his life was threatened, his health was severely damaged, he was harassed, intimidated, and subjected to other abuses[.]" *Id.* ¶ 132.

- He repeatedly reported these allegations of misconduct to various federal and state law enforcement and regulatory authorities, but never received any relief or redress of his grievances, *see, e.g.*, *id.* ¶¶ 31, 42, 58, 59, 64, 79, 120, 128, 131, demonstrating to plaintiff that those government officials participated in the conspiracy against him.

- "Plaintiff's computer had been hacked into and documents were altered or deleted" and "[h]is cellular telephone was electronically monitored and he experienced power failures in critical instances during the process of preparing responsive briefs [in previous litigation.]" *Id.* at 55.

In all of these many assorted and disjointed allegations, plaintiff's only allegation as to actions by Senator Bayh relating to these events is the vague and general assertion that the Senator "had knowledge of but did not act to protect the rights of Plaintiff," *id.* ¶ 38; *see also, e.g.*, *id.* ¶¶ 39-41, 43, 45, 51, 65, 127, or acted "to protect these people from culpability for their criminal misconduct," *id.* ¶ 73, or "took steps to protect their illegal conduct." *Id.* ¶ 81; *see also, e.g., id.* ¶¶ 53, 56.

Plaintiff filed this suit in May 2007, asserting three legal claims – that Defendant Senator Bayh's actions violated 42 U.S.C. §§ 1983, 1985(3), and 1986. Defendant moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff opposed that motion and then filed an amended complaint. Defendant now renews his motion to dismiss as to Plaintiff's Amended Complaint.

## ARGUMENT

## PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM

A complaint should be dismissed for failure to state a claim upon which relief can be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). In considering such a motion, a court accepts as true all of the complaint's well-pleaded factual allegations, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and gives plaintiff "the benefit of all reasonable inferences from those facts." *Maljack Productions, Inc. v. Motion Picture Ass'n of America, Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995) (citing *Henthorn v. Department of the Navy*, 29 F.3d 682, 683-84 (D.C. Cir. 1994) and *Kowal*, 16 F.3d at 1276). However, the court does not "accept inferences drawn by [plaintiff] if they are unsupported by the alleged facts, nor . . . purely legal conclusions masquerading as factual allegations." *Maljack Productions*, 52 F.3d at 375 (citing *Kowal*, 16 F.3d at 1276). The defendants are entitled to judgment if there are no allegations in the complaint which, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

As explained in detail below, plaintiff's allegations against Senator Bayh fail to state a claim because (1) they are barred by the statute of limitations[6]; (2) no claim under 42 U.S.C. § 1983 can be brought against Senator Bayh because he is a federal official alleged to have acted under federal law, and § 1983 applies only to persons acting under color of state law; (3) there is

---

[6] "Dismissal based on [statute of limitations defense] is appropriate when the facts giving rise to the defense are clear from the face of the complaint." *Fletcher v. Dist. of Columbia*, 481 F. Supp. 2d 156, 171 (D.D.C. 2007) (citing *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998)).

no *Bivens* remedy against government officials for actions in response to FOIA requests; (4) the Amended Complaint's allegations do not state a claim for a violation of plaintiff's constitutional rights by Senator Bayh; (5) plaintiff's allegations do not establish the elements of a claim under either 42 U.S.C § 1985 or § 1986 for a conspiracy to violate plaintiff's rights by Senator Bayh; and (6) Senator Bayh is protected from suit by the doctrine of qualified immunity.

## I.    Plaintiff's Claims Are Barred by the Statute of Limitations

Plaintiff's claims under § 1983, *Bivens*[7], § 1985, and § 1986 are subject to either a one- or a three- year statute of limitations.  For § 1983 claims, "[t]he Supreme Court has held that in states with multiple statutes of limitations, claims under section 1983 are governed by the residual or general personal injury statute of limitations (like [D.C. Code] section 12-301(8)), rather than the statute of limitations for enumerated intentional torts (like [D.C. Code] section 12-301(4))."  *Carney v. American University*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (citing *Owens v. Okure*, 488 U.S. 235, 243-50 (1989)).  Hence, the three-year statute of limitations of D.C. Code § 12-301(8) applies.

For *Bivens* claims, "[i]n this Circuit, . . . the three-year statute of limitations found in [D.C. Code] '§ [12-]301(8) applies to most *Bivens* actions,' unless the claim is 'for constitutional torts specifically listed' in [D.C. Code] § 12-301(4)."  *Bame v. Clark*, 466 F. Supp. 2d 105, 108 (D.D.C. 2006), *appeal dismissed*, 2007 WL 1760490 (D.C. Cir. June 11, 2007) (quoting *Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416, 1428-29 (D.C.  Cir. 1986)).  While some of the allegations raised by plaintiff may constitute torts listed in D.C. Code § 12-301(4) and be subject

---

[7]  To the extent the Court interprets plaintiff's § 1983 claim against Senator Bayh as an attempt to raise a claim under *Bivens*, defendant addresses the statute of limitations that would apply to such a claim.

to a one-year statute of limitations, most of his allegations fall outside that list and are subject to the three-year statute of limitations.  D.C. Code § 12-301(8).[8]

Similarly, the three-year statute of limitations under District of Columbia law applies to claims brought under 42 U.S.C. § 1985.  *See Carney v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (three-year residual statute of limitations in D.C. Code § 12- 301(8) applies to personal injury claims and claims under 42 U.S.C. § 1983); *Fitzgerald v. Seamans*, 553 F.2d 220, 223 (D.C. Cir. 1977) (applying three-year statute of limitations to claims under 42 U.S.C. § 1985); *cf. Banks v. Chesapeake and Potomac Telephone Co.*, 802 F.2d 1416, 1421 (D.C. Cir. 1986).  With respect to claims brought under 42 U.S.C. § 1986, "no action . . . shall be sustained which is not commenced within one year after the cause of action has accrued."  42 U.S.C. § 1986.

Plaintiff's amended complaint alleges that documents provided to him in January 2002 in response to his FOIA request contained references to congressional inquiries, Am. Compl. ¶ 11, but that he did not "identify the pages that contained [those] entries" and make a connection with a specific person (Senator Bayh) until July 2003.  *Id.*  Specifically, plaintiff alleges that "July 2003 was the first time Plaintiff . . . adduced the 'third party' may have been . . . Senator Evan Bayh."  *Id.* ¶ 27; *see also id.* ¶ 30 ("Plaintiff was not aware of the role Senator Bayh may have played until July 2003").[9]  Plaintiff then sent a letter to the Senate Ethics Committee in the

---

[8]  It is unnecessary to identify which particular claims are subject to a one-year limitations period and which are subject to a three-year period, as on the face of the allegations in the amended complaint, all claims asserted by plaintiff arose more than three years ago.

[9]  As plaintiff explains, this epiphany came to him while watching a "particular dramatic play . . . in Laguna Beach in the summer of 2003":

It was about an Oncologist who was so eager to win a Noble Prize that he cheated
(continued...)

summer of 2003, detailing his allegations that Senator Bayh had reviewed investigative reports

and then blocked their release to plaintiff in response to his FOIA requests. *Id.* ¶ 131. Thus, by

early 2002[10], and at the latest by summer 2003, as plaintiff himself admits, plaintiff was

cognizant of the actions he alleges Senator Bayh took in reviewing the investigative reports and

blocking their production under FOIA. Plaintiff filed the complaint in this case on May 21,

2007, well beyond the one-year and three-year limitations periods for claims brought under

§ 1983, *Bivens*, § 1985, or § 1986. Accordingly, this suit was initiated after the limitations

_____

[9](...continued)
and instead of being rewarded for the discovery of a new cure for cancer, his
deception was uncovered and he was discredited. It was during that play that the
'third party congressional review' finally made sense. [Plaintiff] relived the
experience of the first attempt on his life in December 2002. The technical
complexity of delivering the poison was a sophisticated way to eliminate a
life. . . . It was there, thinking about how cancer spreads and how it can be
prevented that he had an awakening. The puzzling and unique combination of
people that converged from so many different directions to become part of the
same controversy, were conceivable that Plaintiff first began to see a pattern in the
ebb and flow of events.

Am. Compl. ¶ 26.

   [10] Although plaintiff claims not to have identified the documents that demonstrated a
congressional review of the investigative files arising from his TIGTA complaints until 2003, as
the documents were provided in 2002, he reasonably could have discovered the documents he
references and formed his theory as to Senator Bayh's alleged involvement in blocking his FOIA
request at that time. *See Rodriguez-Garcia v. Municipality of Caguas*, 354 F.3d 91, 96-97 (1st
Cir. 2004) ("Federal law determines the date on which the claim accrued.. . . . Under federal law,
the limitations period begins to run when the plaintiff knows or has reason to know of the injury
which is the basis for his claim.") (internal quotation marks and citations omitted); *Olsen v.
Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004) ("'[F]ederal law determines when
a civil rights claim accrues' . . . '[A] claim accrues when the plaintiff knows or has reason to
know of the injury which is the basis of the action.'") (quoting *Morales v. City of Los Angeles*,
214 F.3d 1151, 1153-54 (9th Cir.2000) and *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.
1999)); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("It is axiomatic that under
federal law, which governs the accrual of section 1983 claims, 'the limitations period begins to
run from the time when the plaintiff knows or has reason to know of the injury which is the basis
of the section 1983 action.'") (quoting *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d
Cir. 1991)).

-14-

periods had run, and therefore, plaintiff's claims are barred by the statute of limitations and must be dismissed.

The fact that plaintiff had filed a previous suit in 2004 raising these very claims against Senator Bayh does not alter or toll the statute of limitations. "[U]nder District of Columbia law the pendency of an action involuntarily dismissed without prejudice does not operate to toll the running of the statute of limitations." *Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981); *see also Bouchet v. National Urban League, Inc.*, 730 F.2d 799, 807 (D.C. Cir. 1984).[11] Accordingly, the dismissal without prejudice of the claims against Senator Bayh for improper venue in plaintiff's prior civil action did not toll or otherwise extend the limitations period for these claims.[12]

## II.     Plaintiff's Allegations Fail to State a Claim Under Either 42 U.S.C. § 1983 or *Bivens*

### A.     The Alleged Actions of Senator Bayh Were Not Taken "Under Color of" State Law

"To state a claim under § 1983," the Supreme Court has explained, "a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Traditionally, to meet the "under color of state law" test

---

[11] "In determining the state limitations period in a § 1983 or *Bivens* action, the court should consider the state tolling provisions." *Fletcher v. District of Columbia*, 481 F. Supp. 2d 156, 172 (D.D.C. 2007) (citing *Hardin v. Straub*, 490 U.S. 536, 539 (1989)).

[12] Plaintiff makes statements in his complaint regarding "abuse of process, intentional infliction of emotional harm, defamation of character, and unintentional infliction of emotional harm," Am. Compl. ¶ 36; *see also, e.g.*, *id.* ¶¶ 44, 52, though it appears that he is merely pleading an injury and not attempting to raise some state law tort claim. However, to the extent plaintiff is attempting to assert a state tort claim against Senator Bayh for blocking his FOIA request, those claims would be covered by the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and barred for not having been presented to the Senate within two years after they accrued. *See* 28 U.S.C. § 2401(b).

-15-

"requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Plaintiff alleges, however, that "Senator Bayh used his position as a member of the powerful [Senate] Select Committee on Intelligence, the august power of the United States Senate Office he holds, acting under the color of law, to violate Plaintiff's civil rights[.]" Am. Compl. ¶ 15; *see also id.* ¶ 35.  Hence, as Senator Bayh took the alleged actions in his role as a federal official, whose authority comes from his position as a United States Senator under the U.S. Constitution and federal laws, section 1983 does not apply to him.  *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("Section 1983 does not apply to federal officials acting under color of federal law.").

While plaintiff contends that a § 1983 claim may proceed when federal officials act in complicity and concert with state officials under color of state law in a conspiracy to violate a person's federal rights, *see* Am. Compl. at 5 n.4; *see also Williams v. United States*, 396 F.3d 412, 415 (D.C. Cir. 2005) (noting Second Circuit case), plaintiff here has failed to provide any factual allegation linking Senator Bayh to the actions of the state officials described in the amended complaint.  All plaintiff offers is the conclusory allegations that Sentor Bayh knew of these actions and did nothing or acted to protect the wrongdoers.  Such bald assertions are insufficient to establish a concert of action with state officials sufficient to allow a § 1983 action to proceed against a federal official.

**B.     There Is No *Bivens* Remedy Against Government Officials for Withholding Documents Under FOIA**

While, as explained above, a § 1983 claim does not exist against Senator Bayh because he was not acting "under color of" state law, should the Court interpret plaintiff's allegations as

raising a *Bivens* claim, such a claim would also fail as a matter of law as no *Bivens* remedy exists for plaintiff's allegations against Senator Bayh.

The Supreme Court made clear in *Bivens* that a damages remedy should be created only in those situations where there were no "special factors counselling hesitation," *Bivens*, 403 U.S. at 396, such as areas where Congress has established a comprehensive remedial scheme. *See, e.g.*, *Schweiker v. Chilicky*, 487 U.S. 412, 424-29 (1988) (declining to allow *Bivens* action for wrongful denial of social security benefits, in light of comprehensive nature of Social Security system); *Bush v. Lucas,* 462 U.S. 367, 388 (1983) (refusing to graft *Bivens* remedy atop civil service laws, which are "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations"). In applying the Supreme Court's *Bivens* precedents, this Circuit has concluded that "the judiciary should decline to exercise its discretion in favor of creating damages remedies against federal officials" in situations "where there is an 'explicit congressional declaration' that injured parties should be 'remitted to another remedy, equally effective in the view of Congress,' . . . or where there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Spagnola v. Mathis*, 859 F.2d 223, 226 (D.C. Cir. 1988) (en banc) (per curiam) (citations omitted). In determining whether a particular statutory scheme qualifies as a "special factor" counseling against the creation of a *Bivens* remedy, "the [Supreme] Court [in *Chilicky*] made clear that it is the comprehensiveness of the statutory scheme involved, not the 'adequacy' of specific remedies extended thereunder, that counsels judicial abstention." *Id.* at 227 (citing *Chilicky*, 487 U.S. at 421-23).

The D.C. Circuit has recognized specifically that FOIA "represents just such a comprehensive scheme, which provides requesters with the potential for injunctive relief only, either to enjoin the withholding of documents or to compel production of agency records,"

*Johnson v. Executive Office of U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (citing 5

U.S.C. § 552(a)(4)(B)), and, accordingly, has held that "the comprehensiveness of FOIA

precludes the creation of a *Bivens* remedy." *Id.*[13]  Therefore, clear Circuit precedent prevents

plaintiff from bringing a *Bivens* suit against Senator Bayh for damages based on allegations of

the Senator's interference with the agency response to his FOIA request.

### C.    Plaintiff's Amended Complaint Fails to State a Claim Under § 1983 or *Bivens* for Violation of His Constitutional Rights

Even if plaintiff could raise either a § 1983 or *Bivens* cause of action against Senator

Bayh for his alleged interference with plaintiff's FOIA request, his allegations would still fail to

state a claim as a matter of law.  Plaintiff claims that Senator Bayh violated his constitutional

rights by blocking production of records in response to his FOIA request.  But there is no

constitutional right of access to government records.  *See McGehee v. Casey*, 718 F.2d 1137,

1147 (D.C. Cir. 1983) ("A litigant seeking release of government information under FOIA,

therefore, relies upon a statutory entitlement – as narrowed by statutory exceptions – and not

upon his constitutional right to free expression."); *Mack v. Department of the Navy*, 259 F. Supp.

2d 99, 110 (D.D.C. 2003).  Hence, even crediting plaintiff's wholly unsupported allegation that

Senator Bayh blocked the release of documents responsive to his FOIA request, such an

allegation does not state a claim for the violation of plaintiff's constitutional rights.  This is

especially true where, as here, the courts have already adjudicated and upheld the agency's

withholding of those documents from plaintiff under exemptions to the FOIA.

---

[13]  Indeed, plaintiff has already taken advantage of the comprehensive remedial scheme under FOIA by filing suit to challenge the exemptions claimed by the Treasury Department.  As explained previously, the district court in that case upheld the exemptions.  Plaintiff's claims against Senator Bayh appear, at least in part, to be an improper attempt to re-litigate the Treasury Department's withholding of those documents.

**III.    Plaintiff's Amended Complaint Fails to State a Claim for a Conspiracy Under 42 U.S.C. §§ 1985 and 1986**

    **A.    42 U.S.C. § 1985**

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of the equal protection of the law, or of privileges and immunities under the law; (3) motivated by some class-based, invidiously discriminatory animus, and (4) whereby a person is either injured in his person or property or is deprived of any right or privilege of a citizen of the United States. *See Hobson v. Wilson*, 737 F.2d 1, 14 (D.C. Cir. 1984); *see also Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997), *appeal dismissed*, 1998 WL 202177 (D.C. Cir. Mar. 11, 1998). Plaintiff's allegations fail to establish such a claim.

To satisfy the requirement of a conspiracy, a plaintiff must allege facts sufficient to show "a combination of two or more persons acting in concert" with an agreement or "meeting of the minds" as to the purpose of the conspiracy. *See Graves*, 961 F. Supp. at 320 (quoting *Lenard v. Argento*, 699 F.2d 874, 882 (7th Cir. 1983) and *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Plaintiff has failed to allege such an agreement as his amended complaint is bereft of any specific allegation which could possibly support the claim that Senator Bayh participated in a conspiracy with other persons to violate plaintiff's constitutional rights. Plaintiff merely asserts in conclusory fashion that Senator Bayh had knowledge of a conspiracy and either did not act to prevent it or supported the persons injuring plaintiff in the multiplicity of unconnected events alleged in plaintiff's far-fetched amended complaint. Yet, plaintiff must set forth more than just conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss. *See Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) (dismissing for failure

to state a claim allegations that seven members of U.S. House of Representatives "conspired" to deprive plaintiff of equal protection of the laws in his employment with the House); *see also X-Men Security, Inc. v. Pataki*, 196 F.3d 56, 71 (2$^d$ Cir. 1999) (finding that plaintiff's allegations "of 'participation' in a 'conspiracy'" were "conclusory, and . . . for that reason insufficient to state a claim").

Rather, a plaintiff must demonstrate "that there was an agreement or meeting of the minds . . . to violate [plaintiff's] civil rights because of his membership in a protected class." *Graves*, 961 F. Supp. at 314; *see also Friends of Falun Gong v. Pac. Cultural Enterprise, Inc.*, 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003) ("To properly allege a conspiracy claim, the complaint must contain specific factual allegations."), *aff'd*, 109 Fed. Appx. 442 (2$^d$ Cir. 2004) . Plaintiff's sole allegation against Senator Bayh of any specificity – that he blocked the Treasury Department from producing to plaintiff various documents in response to his FOIA request – wholly fails to demonstrate any agreement between Senator Bayh and any of the alleged persons who took actions that plaintiff claims violated his constitutional rights. *Cf. Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2$^d$ Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed[.]") (citations, internal quotation marks, and internal alterations omitted).

Plaintiff also fails to meet the second element of a § 1985 claim as he has not pled any fact showing that Senator Bayh, by allegedly blocking access to documents responsive to plaintiff's FOIA request, denied plaintiff any constitutional or civil rights. Because there is no general "right" to government records outside the FOIA, *see McGehee v. Casey*, 718 F.2d at 1147; *Mack v. Department of the Navy*, 259 F. Supp. 2d at 110, the allegation that Senator Bayh

blocked access to government records does not allege a violation of plaintiff's constitutional or civil rights, as is required to state a claim under § 1985.

Plaintiff does not meet the third element of a § 1985 claim either, because he fails to allege any acts that demonstrate that there was a racial or other class-based animus motivating the purported actions of Senator Bayh. *See Hoai v. Vo*, 935 F.2d 308, 314 (D.C. Cir. 1991) ("The scope of section 1985(3) is limited, however, by the condition that such conspiracies be motivated by some class-based, invidiously discriminatory animus.") (internal quotation marks and citation omitted); *Alexander v. Washington Gas Light Co.*, 481 F. Supp. 2d 16, 31 (D.D.C.) ("42 U.S.C. § 1985 applies only to conspiracies motivated by some class-based, discriminatory animus.") (citing *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)), *aff'd*, No. 06-7040, 2006 WL 3798858 (D.C. Cir. Aug. 24, 2006). To the contrary, plaintiff alleges that Senator Bayh blocked production of the reports *not* because of any class-based animus, but "in order to protect himself and his Indiana constituents." Am. Compl. ¶ 20. Such an alleged motivation does not meet the requirements of § 1985, as it is based on Senator Bayh's concern with his own standing and that of his constituents, and not on some class-based animus toward plaintiff.[14] Hence, plaintiff fails to allege sufficient facts to state a claim for conspiracy under 42 U.S.C. § 1985.

---

[14] Plaintiff's sole allegation of racial animus involves a deputy sheriff who participated in evicting plaintiff from his house and who during that eviction allegedly said to plaintiff, "This is where we separate the men from the boys, George." Am. Compl. ¶ 6. However, plaintiff does not allege that Senator Bayh participated in the eviction of plaintiff nor does he allege any facts showing that Senator Bayh knew the deputy sheriff or entered into any agreement or conspiracy with that deputy sheriff against plaintiff. Accordingly, this allegation is wholly insufficient to establish a racial animus supporting a § 1985 claim against Senator Bayh for allegedly blocking the release of documents in response to plaintiff's FOIA request.

### B.    42 U.S.C. § 1986

It is well-established that "a colorable claim under § 1985 is a prerequisite to stating an adequate claim [under § 1986] for neglect to prevent [a wrongful § 1985 act]." *Thomas v. News World Communications*, 681 F. Supp. 55, 72 (D.D.C. 1988) (citing *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983); *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990). As explained above, plaintiff has failed to state a cognizable claim under § 1985, and, thus, his allegations are also insufficient to state a claim under § 1986. *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991) ("[T]here can be no cause of action under § 1986 absent a viable § 1985 claim."). In addition, plaintiff's allegation that Senator Bayh had knowledge of the alleged conspiracy against him is wholly unsupported by any specific factual allegations in the complaint.

Accordingly, plaintiff's claims under §§ 1985 and 1986 should be dismissed.

### IV.    Defendant Bayh Is Entitled to Qualified Immunity

Even were the Court to find that plaintiff's allegations stated a claim against Senator Bayh, qualified immunity would still require dismissal of that claim. All government officials, including Members of Congress, are entitled to qualified immunity if their challenged conduct "[did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Kalka v. Hawk*, 215 F.3d 90, 94 (D.C. Cir. 2000) ("Qualified immunity shields officials from liability for damages so long as their actions were objectively reasonable, as measured in light of the legal rules that were 'clearly established' at the time of their actions."). The doctrine's "clearly

established violation" standard "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).[15]

In evaluating whether a defendant is entitled to qualified immunity, the court first determines whether "the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). "[I]f a violation could be made out on a favorable view of the parties' submissions, the next . . . step is to ask whether the right was clearly established." *Id.*; *see also Tripp v. Department of Defense*, 173 F. Supp. 2d 58, 61 (D.D.C. 2001). In evaluating whether a right was "clearly established," the Supreme Court has explained, "[e]ven when the general rule has long been clearly established (for instance, the First Amendment bars retaliation for protected speech)," *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998),

> the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . [T]he unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

As discussed in Argument section II.C, *supra*, plaintiff's allegations against Senator Bayh do not state claims for violations of any of his constitutional rights. However, even if the Court found that the allegations stated such violations, it certainly cannot be claimed that any general constitutional right to government documents was "clearly established," or that Members of Congress violate a clearly established constitutional right of a FOIA requester by contacting the

---

[15]    In addition, qualified immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted); *see also Kalka*, 215 F.3d at 94 ("The immunity is not simply from damages but from having to participate in the proceedings.")

Executive Branch on a matter. Accordingly, Senator Bayh is protected by qualified immunity from plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

Respectfully submitted,

/s/_____
Morgan J. Frankel, Bar #342022
Senate Legal Counsel

Patricia Mack Bryan, Bar #335463
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
Tel: (202) 224-4435

September 24, 2007                    Counsel for Defendant Senator Evan Bayh

## CERTIFICATE OF SERVICE

In accordance with LCvR 5.4(d), I hereby certify that on September 24, 2007, a true copy of the foregoing **Defendant Senator Evan Bayh's Motion to Dismiss Plaintiff's Amended Complaint** and **Memorandum of Points and Authorities in Support of Defendant Senator Evan Bayh's Motion to Dismiss Plaintiff's Amended Complaint** with attachments, along with a **proposed Order**, were served by first class U.S. mail on the following non-ECF registered party:

George M. Lewis, M.D.
7095 Hollywood Blvd., #1245
Hollywood, CA 90028

Plaintiff *pro se*

/s/_____
Morgan J. Frankel

Not Reported in F.Supp.2d                            Page 1
Not Reported in F.Supp.2d, 2003 WL 22183773 (C.D.Cal.), 92 A.F.T.R.2d 2003-5963, 2003-2 USTC P 50,561
**(Cite as: 2003 WL 22183773 (C.D.Cal.))**

United States District Court,
C.D. California.
**George M. LEWIS**, Plaintiff,
v.
UNITED STATES, Internal Revenue Service, David T. Williams, Inspector General
for Tax Administration, and Treasury Inspector General for Tax Administration,
Defendant.
**No. 02-3249 FMC.**

June 2, 2003.

Debra W. Yang, United States Attorney, Jason S. Zarin, Trial Attorney, Tax Division, U.S. Department of Justice, Ben Franklin Station, Washington, D.C., for Defendants.

SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

COOPER, J.

**\*1** The motion of defendants United States, Internal Revenue Service, David T. Williams, and Treasury Inspector General for Tax Administration for summary judgment in its favor came on for hearing before the Court on June 2, 2003. Appearing for defendants was Jason S. Zarin, U.S. Department of Justice. Plaintiff, **George M. Lewis**, was represented by Leodis Matthews. Based on the oral argument at the hearing, on the complaint and answer in this action, on all pleadings filed in connection with the government's motion, on the Statement of Uncontroverted Facts and Conclusions of Law being filed by the Court in connection with this motion proceeding, and on all matters that are properly part of the record in this proceeding, and good cause appearing therefor

IT IS ORDERED, ADJUDGED, AND DECREED

(1) That the government's motion for summary judgment in its favor is granted, and judgment is hereby awarded to defendants United States, Internal Revenue Service, and Treasury Inspector General for Tax Administration

Not Reported in F.Supp.2d, 2003 WL 22183773 (C.D.Cal.), 92 A.F.T.R.2d 2003-5963, 2003-2 USTC P 50,561

END OF DOCUMENT



Priority ✔
Send ✔
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JUL 27 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT

JUL 28 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GEORGE M. LEWIS,

           Plaintiff,

vs.

EVAN BAYH, et al.,

           Defendants.

Case No.: CV 04-2950-AHS (RNB)

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED UNITED STATES MAGISTRATE JUDGE

      Pursuant to 28 U.S.C. § 636, the Court has conducted a review of all the records and files of this case, including the Report and Recommendation of the United States Magistrate Judge. No objections to the Magistrate Judge's Report and Recommendation have been filed herein. The Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

      IT IS ORDERED that: (1) defendants' pending motions to dismiss are granted; (2) plaintiff's first, second, fourth, sixth, seventh, eighth, ninth, and eleventh causes of action are dismissed without leave to amend, but without prejudice to plaintiff

\\
\\
\\

116

1 | raising his state law claims, if any, in state court; and (3) all defendants save for the

2 | Federal Defendants are dismissed.

3 |         IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order

4 | in this matter by United States mail on plaintiff and counsel for defendants.

5 |

6 | DATED: ____JUL 27 2005____

7 |

8 |

9 |

10 |                                    _____
                                   ALICEMARIE H. STOTLER
11 |                                   UNITED STATES DISTRICT JUDGE

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2

| Priority | |
| Send | ✓ |
| Enter | ___ |
| Closed | ___ |
| JS-5/JS-6 | ___ |
| JS-2/JS-3 | ___ |
| Scan Only | ___ |

```
                    FILED
          CLERK, U.S. DISTRICT COURT

                 JUN - 3 2005

          CENTRAL DISTRICT OF CALIFORNIA
          BY                      DEPUTY
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE M. LEWIS, <br><br> PLAINTIFF, <br><br> v. <br><br> EVAN BAYH, et al., <br><br> DEFENDANTS. | CASE NUMBER: <br><br> ___CV - 04-2950- AHS (RNB)___ <br><br><br> NOTICE OF FILING OF <br> MAGISTRATE JUDGE'S REPORT <br> AND RECOMMENDATION |

TO:    All Parties of Record

**George M. Lewis**
636 North Spaulding Ave
Los Angeles, CA 90036

**Robert I. Lester**
United States Attorney's Office
300 North Los Angeles Street, Suite 7516
Los Angeles, CA 90012

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed on ____June 2, 2005____, a copy of which is attached.

Any party having objections to the report and recommendation shall, not later than___ June 17, 2005,___ file and serve a written statement of objections with points and authorities in support thereof before the Honorable ROBERT N. BLOCK_____ , U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until the judgment and/or order by the District Judge has been entered.

```
DOCKETED ON CM

    JUN - 3 2005

BY         110
```

CLERK, UNITED STATES DISTRICT COURT

Dated:    June 3, 2005                          By_____
                                                    Nancy Hackney,  Deputy Clerk

---

M-51A ( 11/01)         **NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**



FILED
CLERK, U.S. DISTRICT COURT

JUN - 2 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GEORGE M. LEWIS,

              Plaintiff,

          vs.

EVAN BAYH, et al.,

              Defendants.

Case No. CV 04-2950-AHS (RNB)

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

     This Report and Recommendation is submitted to the Honorable Alicemarie H. Stotler, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

     On July 12, 2004, plaintiff filed a <u>pro se</u> civil rights Complaint pursuant to 42 U.S.C. §§ 1983 and 1985. The Complaint purported to name 22 defendants (plus two doe defendants), and contained 10 alleged causes of action. As best the Court could glean from the allegations in the Complaint, plaintiff's claims arose out of multiple and apparently unrelated conspiracies intended, in part, to deprive plaintiff of his medical license, to delay plaintiff in filing a tort claim against the Internal Revenue Service, and to prevent plaintiff from gaining access to seven investigative reports that

1

DOCKETED ON CM

JUN - 3 2005

BY _____ 110

105

1  he has sought pursuant to the Freedom of Information Act. Plaintiff purported to

2  allege various violations of the Fourth Amendment's prohibition against unreasonable

3  searches and seizures, his First Amendment rights to "liberty" and to petition the

4  government, his due process rights, and multiple violations of 42 U.S.C. § 1985.

5      On August 9, 2004, plaintiff sought leave to file an Amended Complaint. The

6  proposed Amended Complaint contained additional allegations in support of plaintiff's

7  10 alleged causes of action, added an eleventh cause of action, and named two new

8  defendants. Per a Minute Order issued August 11, 2004, the Court advised plaintiff

9  that, since no responsive pleading had been served to his original Complaint, leave to

10 amend was not required; and that the proposed Amended Complaint [hereinafter the

11 "First Amended Complaint" or "FAC"] had been filed. The Court further advised

12 plaintiff that his time to effectuate proper service of process on the originally named

13 defendants still ran from the filing date of the original Complaint.[1] However, plaintiff

14 had 120 days from the filing date of the First Amended Complaint to effectuate

15 service of process on any defendants newly added therein (i.e., until December 7,

16 2004).

17     On November 9, 2004, plaintiff filed a motion for an extension of his time to

18 serve the defendants.[2] Plaintiff alleged therein that his inability to complete service

19

20     [1]    Per a Minute Order issued July 15, 2004, the Court had advised plaintiff,
21 inter alia, that under Federal Rule of Civil Procedure 4(m), service of the summons
22 and Complaint must be accomplished on each named defendant within 120 days after
   the filing of the Complaint, and that the 120-day period would expire on November
23 9, 2004. Further, the Court had warned plaintiff that his failure to effectuate proper
24 service by that date might result in the dismissal of the action without prejudice as to
25 any unserved defendant(s) by reason of plaintiff's failure to prosecute, unless plaintiff
   could show good cause for extending the time for service.
26

27     [2]    Previously, on September 21, 2004, plaintiff had filed a motion seeking
   an extension of the deadline to serve the defendants. However, based on the absence
28                                                          (continued...)

2

by the November 9, 2004 deadline was due to the fact that he had not received summonses from the Clerk's Office at the time the original Complaint was filed. Accordingly, plaintiff requested an additional 30 days to obtain the summonses from the Court and complete service upon the defendants. After confirming that the Clerk's Office indeed had failed to issue summonses at the time the Complaint was filed, the Court issued a Minute Order on November 10, 2004, granting plaintiff's motion for good cause shown. Thus, plaintiff's deadline for serving the defendants was extended from November 9, 2004 to December 9, 2004.

On January 26, 2005, plaintiff filed a Notice of Dismissal Pursuant to Rule 41(a) as to defendant Michelle Tempke and requested that the dismissal be with prejudice. Defendant Tempke was dismissed that day. On March 4, 2005, the Court denied plaintiff's "Request to Reinstate Michelle Tempke as a Defendant Persuant [sic] to Rule 41" for the stated reasons that Rule 41 did not provide support for the "reinstatement" of a defendant who was voluntarily dismissed with prejudice by plaintiff, and plaintiff had failed to cite any authority demonstrating that the relief sought could permissibly be provided.

On February 7, 2005, defendants United States Attorney Debra Yang; Former United States Attorneys John Gordon, Robert Mueller, and Paul Seave; and United States Senator Evan Bayh [hereinafter collectively "the Federal Defendants"] filed the first of several requests for an extension of time in which to file a responsive pleading to the First Amended Complaint. Because the deadline for the Federal Defendants to \\

---

[2](...continued)
of any showing by plaintiff of the efforts he had made to effectuate service of process since the time the original Complaint was filed, the Court had no basis for finding that plaintiff had met his burden of showing good cause for extending his time for service. Accordingly, per a Minute Order issued that same date, the Court denied that motion without prejudice.

3

1 | file a responsive pleading is pending at this time, the sufficiency of the causes of

2 | action against the Federal Defendants presently is not before the Court.

3

4 | **PENDING MOTIONS TO DISMISS**

5 | As set forth below, the following motions to dismiss the claims alleged by

6 | plaintiff now are pending and ready for decision. Given the multiplicity of motions

7 | raising the same issues, the Court will address the motions jointly, on a cause of action

8 | by cause of action basis.

9 |      1.   On November 29, 2004, defendant Ramirez (appearing pro se)

10 | filed a Motion to Dismiss Complaint that purported to be directed to plaintiff's

11 | original Complaint. Defendant Ramirez contended therein that, as a result of

12 | plaintiff's failure to serve a summons at the time the Complaint was served, (a)

13 | the process was insufficient, (b) the service of process was insufficient, and (c)

14 | there was no personal jurisdiction over him; that the Central District of

15 | California was not the proper venue for this action; that plaintiff's allegations

16 | were insufficient to state a claim against defendant Ramirez under 42 U.S.C.

17 | §§ 1985(1), 1985(3), and/or 1983; and that plaintiff's civil rights claim(s)

18 | against defendant Ramirez were barred by the applicable statute of limitations.[3]

19

---

20 | [3]     Defendant Ramirez also filed an affidavit in support of his Motion to

21 | Dismiss that appears to pertain to defendant Ramirez' contention that plaintiff's claims

22 | should be dismissed pursuant to Rule 12(b)(6). Defendant Trace has submitted a similar affidavit in support of her Motion to Dismiss. Additionally, plaintiff has

23 | attached various documents as exhibits to his oppositions to each of the pending

24 | motions to dismiss that appear to pertain to the sufficiency of his allegations to state a claim upon which relief may be granted. In deciding a motion pursuant to Rule

25 | 12(b)(6), the Court may not look outside the pleadings without converting the motion

26 | into a motion for summary judgment. See Anderson v. Angelone, 86 F.3d 932, 934

27 | (9th Cir. 1996). However, the Court has discretion either to consider or reject such evidence. See Finley Lines Joint Protective Bd. v. Norfolk Southern Corp., 109 F.3d

28 |     (continued...)

1   Subsequently, defendant Ramirez filed a Motion to Dismiss First Amended
2   Complaint on January 27, 2005 that was directed to plaintiff's First Amended
3   Complaint. Defendant Ramirez raised therein all of the same grounds raised
4   in his Motion to Dismiss Complaint other than his contention that the process
5   was insufficient. In a Minute Order issued on January 28, 2005, the Court
6   noted that the filing by defendant Ramirez of his Motion to Dismiss First
7   Amended Complaint rendered moot his pending Motion to Dismiss Complaint.
8   On February 18, 2005, plaintiff filed his opposition to the Motion to Dismiss
9   First Amended Complaint, and defendant Ramirez filed a reply thereto on
10  March 11, 2005.

11          2.      On December 3, 2004, defendant Atlantic Relocation Systems
12  filed a Notice of Joinder in defendant Ramirez' Motion to Dismiss Complaint
13  on the grounds that the Complaint fails to state a valid claim upon which relief
14  can be granted and fails to state a claim against defendant Atlantic Relocation
15  Systems that would confer subject matter jurisdiction in the United States
16  District Court. Plaintiff filed opposition to the motion to dismiss as to
17  defendant Atlantic Relocation Systems on January 26, 2005.

18          3.      On December 21, 2004, defendant Clerk, Indiana Supreme Court
19  [hereinafter "Defendant Clerk"], filed a Motion to Dismiss, which appears to
20  be directed to plaintiff's original Complaint. Defendant Clerk contends that the
21  Court lacks personal jurisdiction over Defendant Clerk; that venue is not proper
22  in the Central District of California; that service of process had been

23
24  _____

25      [3](...continued)
    993, 996 (4th Cir. 1997); Skyberg v. United Food & Commercial Workers Int'l Union,
26  5 F.3d 297, 302 n.2 (8th Cir. 1993). Here, to the extent that any of the parties have
27  cited records outside the pleadings pertaining to the pending motions to dismiss
    pursuant to Rule 12(b)(6), the Court has elected not to treat any of the motions to
28  dismiss as motions for summary judgment and has not considered any such records.

insufficient because no summons had been served with the Complaint; that plaintiff's claim against Defendant Clerk is barred by the Eleventh Amendment; and that plaintiff's civil rights claim against Defendant Clerk is barred by the applicable statute of limitations. Plaintiff filed opposition to Defendant Clerk's Motion to Dismiss on January 26, 2005.

4.    On December 27, 2004, defendants State of California (acting by and through the Medical Board of California, erroneously named and served as the "California Medical Board of Quality Assurance") and Supervising Deputy Attorney General Heppell (erroneously named and served as "Assistant Attorney General Gail Heppell") filed a Motion to Quash Service of Summons and Complaint, and to Dismiss the Sixth Cause of Action. [These defendants hereinafter will sometimes be referred to collectively as the "California State Defendants."] The California State Defendants contend that service of the summons and complaint upon Deputy Heppell should be quashed because it did not comply with either federal or state rules; that venue is improper in the Central District of California; that plaintiff is unable to state a § 1983 claim against the State of California; and that plaintiff's Sixth Cause of Action against the State of California and Deputy Heppell is time-barred. Plaintiff filed his opposition on January 26, 2005, and the California State Defendants filed a reply thereto on February 15, 2005.

5.    On December 27, 2004, defendant Trace (appearing pro se) filed a Motion to Dismiss Complaint. Defendant Trace's Motion purports to be directed to plaintiff's original Complaint, and mirrors defendant Ramirez' original motion. She contends that, due to plaintiff's failure to effectuate service of the summons and Complaint prior to the expiration of the extended service deadline, the Complaint should be dismissed for insufficiency of process and insufficiency of service of process, and for lack of jurisdiction; that plaintiff has failed to establish that the Central District of California is the

6

proper venue for this action; that plaintiff's allegations are insufficient to state a claim against defendant Trace pursuant to 42 U.S.C. §§ 1985(1), 1985(3) and/or 1983; and that plaintiff's civil rights claim(s) against defendant Trace are barred by the applicable statute of limitations. Plaintiff filed an "Opposition to Defendant Carolyn Trace's Motion to Dismiss" on January 26, 2005, and defendant Trace filed a reply thereto on February 16, 2005. Plaintiff then filed an "Amended Opposition to Motion to Dismiss, Defendant Carolyn Trace" on February 17, 2005. In response, defendant Trace filed an "Objection to and Motion to Strike Plaintiff's Untimely Filed Amended Opposition to Defendant Carolyn Trace's Motion to Dismiss Pursuant to FRCP 12(b)(1)-(6) and Request for Sanctions against Plaintiff Lewis Pursuant to Local Rule 7-10" on March 18, 2005.[4]

6.     On December 27, 2004, defendant Wells Fargo Bank [hereinafter "Defendant Wells Fargo"] filed a Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, for a More Definite Statement. Defendant Wells Fargo contends that plaintiff's allegations against it are too vague and conclusory to state a federal civil rights claim; that no facts are alleged that it acted under color of state law; and that plaintiff's federal civil rights claim against it appears to be time-barred. Plaintiff filed opposition to the motion on January 26, 2005, and Defendant Wells Fargo filed a reply thereto on February 8, 2005.

7.     On December 28, 2004, defendant Sheriff, Hamilton County, Indiana [hereinafter "Defendant Sheriff"], filed a Motion to Dismiss Amended

---

[4]     The Court notes that defendant Trace is correct that plaintiff's subsequent filing of an "Amended Opposition" without seeking leave of Court is in violation of the Local Rules and the Court's Order re Further Proceedings of January 5, 2005. However, out of consideration of plaintiff's pro se status, the Court declines to grant defendant Trace's Motion to Strike or her request for sanctions for this violation.

Complaint. Defendant Sheriff contends that the Court lacks personal jurisdiction over him; that the Central District of California is not the proper venue for this action; that plaintiff's claim against Defendant Sheriff is barred by the applicable statute of limitations; that plaintiff's allegations against Defendant Sheriff are insufficient to state a claim; that Defendant Sheriff is entitled to absolute, quasi-judicial immunity from liability for carrying out a facially valid court order; and that service of process on Defendant Sheriff was insufficient. Plaintiff filed opposition to the motion on January 26, 2005, and Defendant Sheriff filed a reply thereto on February 14, 2005.

8. On January 28, 2005, defendant Laffey filed a Motion to Dismiss the Amended Complaint or, in the Alternative, for a More Definitive Statement. Defendant Laffey contends that the allegations of the First Amended Complaint are too vague, rambling, and unclear to state a federal civil rights claim against her; and that the First Amended Complaint should be dismissed for failure to prosecute because plaintiff disregarded the Court's Order to serve defendants by December 9, 2004. Plaintiff filed his opposition to the motion on February 22, 2005, and defendant Laffey filed a reply thereto on March 2, 2005.

9. On January 31, 2005, defendant Flinn (appearing pro se) filed a Motion to Dismiss the Amended Complaint or, in the Alternative, for a More Definitive Statement. Defendant Flinn contends that plaintiff's allegations are bizarre, vague, and unintelligible and fail to state a claim upon which relief can be granted and that the First Amended Complaint should be dismissed for failure to effectuate service within the extension of time granted by the Court. On February 22, 2005, plaintiff filed opposition to defendant Flinn's motion and, on March 3, 2005, without seeking leave of Court, filed a "Corrected Opposition to Motion to Dismiss." Defendant Flinn filed a reply thereto on March 15, 2005. However, defendant Flinn's Motion was rendered moot by

8

plaintiff's voluntary dismissal of defendant Flinn on April 1, 2005, pursuant to Fed. R. Civ. P. 41(a).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of a statement of claim for relief. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiff's allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Since plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

**A.** **Plaintiff's first cause of action should be dismissed without leave to amend.**

As best the Court can glean from the allegations of the FAC, the gravamen of plaintiff's first cause of action is that, in August 2003, defendant Nancy Flinn, while working "for or on behalf of the government," entered plaintiff's premises under a false pretense of planning to "merge their professional mental health practices into a single entity," took "possession of all plaintiff's documents, records and correspondence," and retained control of the material for three months. Plaintiff contends that defendant Flinn's actions violated his Fourth Amendment rights "against unlawful government seizures" and also prevented plaintiff from "timely filing a Tort Complaint with the Federal District Court," thus depriving plaintiff of his First Amendment right to petition the court. (FAC at 2).

\\

9

1      The only defendant named or implicated in the first cause of action is defendant
2  Flinn, who was voluntarily dismissed by plaintiff from this action on April 1, 2005.
3  Even accepting the implausible factual allegations as set forth in the first cause of
4  action as true, that cause of action does not even remotely state a federal civil rights
5  claim on which relief can be granted against any other named defendant.  Because it
6  is absolutely clear to the Court that the defects of plaintiff's first cause of action
7  against any remaining defendant are incapable of being cured by amendment, the
8  Court recommends that this cause of action be dismissed without leave to amend.  See
9  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given
10 leave to amend his or her complaint unless it is absolutely clear that the deficiencies
11 cannot be cured by amendment).

13 **B.    Plaintiff's second cause of action should be dismissed without leave to**
14 **amend.**

15     As best the Court can glean from the allegations of the FAC, the gravamen of
16 plaintiff's second cause of action is that defendants Patricia Laffey, Dana Bisby,[5] and
17 Nancy Flinn[6] "conspired to intimidate, threaten and obstruct plaintiff's lawful attempts
18 to gain access to seven investigative reports through the Freedom of Information Act"
19 in violation of § 1985.  Plaintiff claims that, between March and September 2003,
20 while he was awaiting sentencing after he had pleaded guilty to wilful failure to pay
21 child support, the "government did violate plaintiff's privacy rights by sending under
22 disguise, while withholding their true intentions and motive, . . . Stacy Frick, Terry
23 Schrieber, Sunny Foor [none of whom are named as defendants herein], and Patricia

---

25     [5]     Plaintiff has filed a proof of service indicating that he served Bisby with
26 the FAC by substituted service on December 10, 2004.  Although defendant Bisby has
   made no appearance in this matter, the factual allegations in Claim 2 against Bisby are
27 identical to those against defendant Laffey.

28     [6]     As set forth, supra, plaintiff voluntarily dismissed defendant Flinn.

10

1   Laffey, while also sending onto his premises Dana Bisby and Nancy Flynn [sic]."

2   Further, plaintiff alleges that "government and others connected with this case utilized

3   two of these individuals, Dana Bisby and Patricia Laffey[,] to engage in sexual

4   intercourse with plaintiff to compromise and derail plaintiff's efforts to timely file an

5   appeal" of a District Court's rejection of plaintiff's claim under the Freedom of

6   Information Act. (FAC at 3).

7       Additionally, plaintiff alleges that the government employed "unauthorized

8   electronic monitoring, not of plaintiff's own cellular telephone, but on [sic] the cellular

9   telephone of a friend and colleague with whom plaintiff frequently spoke." Plaintiff

10  alleges that the "actions" of the United States Attorney for the Central District of

11  California violated plaintiff's rights under the Fourth Amendment, but plaintiff does

12  not allege that either Bisby or Laffey were in any way connected to the allegedly

13  unlawful monitoring.[7] (FAC at 3).

14      Defendant Laffey contends that plaintiff's allegations are a "rambling diatribe

15  consisting of eleven factually unrelated causes of action against approximately

16  twenty-six separate, unrelated, misjoined defendants" and that plaintiff appears to be

17  delusional. (Laffey's Motion at 3). Further, plaintiff's allegations against Laffey fail

18  to specify which portion of § 1985 was allegedly violated; what government agency

19  she was allegedly acting on behalf of; what actions Laffey allegedly took to interfere

20  with plaintiff's efforts to obtain reports under the Freedom of Information Act; how

21  the alleged sexual intercourse could conceivably state a claim under § 1985(2); or any

22

---

23      [7]    In Claim 2, plaintiff also mentions "his Fifth Amendment rights to due

24  process." (FAC at 3). However, plaintiff does not otherwise set forth any allegations
pertaining to any alleged due process violation in connection with this claim, does not

25  set forth any allegation that defendant Laffey violated his due process rights, and does

26  not argue in his opposition to defendant Laffey's Motion to Dismiss that the

27  allegations are adequate to state a due process violation. Consequently, the Court does
not construe plaintiff's allegations as attempting to state a due process claim against

28  defendant Laffey.

11

1    basis for the invidious discriminatory animus that is required to state a claim under §

2    1985(3). In addition, because plaintiff's allegations make it clear that he was not

3    seeking the investigative reports in connection with any then-pending federal action,

4    his allegations could not state a claim against any defendant under § 1985(2).

5    (Laffey's Motion at 6).

6           In his opposition, plaintiff clarifies that he is intending to state a claim pursuant

7    to § 1985(2) and states that he "believes [Laffey] participated in a well orchestrated

8    plan to deprive plaintiff of his Fourth Amendment rights and violated 42 U.S.C. [§]

9    1985(b) [sic] through the use of intimidation that prevented plaintiff from timely filing

10   his complaint in Federal District Court." (Plaintiff's Oppo. to Laffey's Motion at 2,

11   8). Further, plaintiff asserts that he "at least believed Ms. Laffey was connected to

12   others that [sic] had threatened his life, abused his civil rights, obstructed his lawful

13   efforts to bring his matter before the court, and intimidated him in the manner

14   presented in his various causes of action," in violation of § 1985(2). (Id. at 9-10).

15

16   1.    Plaintiff's allegations are insufficient to state a claim under 42 U.S.C. §

17         1985(2).

18   42 U.S.C. § 1985(2) provides in its entirety:

19         "If two or more persons in any State or Territory conspire to deter,

20   by force, intimidation, or threat, any party or witness in any court of the

21   United States from attending such court, or from testifying to any matter

22   pending therein, freely, fully, and truthfully, or to injure such party or

23   witness in his person or property on account of his having so attended or

24   testified, or to influence the verdict, presentment, or indictment of any

25   grand or petit juror in any such court, or to injure such juror in his person

26   or property on account of any verdict, presentment, or indictment

27   lawfully assented to by him, or of his being or having been such juror;

28   or if two or more persons conspire for the purpose of impeding,

                                   12

1  hindering, obstructing, or defeating, in any manner, the due course of
2  justice in any State or Territory, with intent to deny to any citizen the
3  equal protection of the laws, or to injure him or his property for lawfully
4  enforcing, or attempting to enforce, the right of any person, or class of
5  persons, to the equal protection of the laws."

6

7  To state a claim under § 1985(2), a plaintiff must allege (1) a conspiracy between two
8  or more persons; (2) to deter a party or witness by force, intimidation, or threat from
9  attending federal court or testifying freely in a matter there pending; which (3) causes
10  injury to the plaintiff. See Rutledge v. Arizona Board of Regents, 859 F.2d 732, 735
11  (9th Cir. 1988); David v. United States, 820 F.2d 1038, 1040 (9th Cir. 1987).

12  Here, even accepting the allegations of plaintiff's second cause of action as true,
13  § 1985(2) does not apply to the facts as alleged by plaintiff. Plaintiff does not allege
14  that any named defendant conspired to deter him or a witness from attending or
15  testifying in any pending matter in federal court; rather he claims that defendants
16  conspired to delay his filing of an appeal. On its face, § 1985(2) does not address
17  such conduct. See, e.g., Kimble v. D.J. McDuffy, Inc., 648 F.2d 340, 347-48 (5th
18  Cir.) (en banc) (filing of lawsuits does not constitute "attending" court within the
19  meaning of the statute), cert. denied, 454 U.S. 1110 (1981); Herrera v. Scully, 815 F.
20  Supp. 713, 726 (S.D.N.Y. 1993) (prison officials' interference with filing of lawsuit
21  by inmate did not violate § 1985(2)). Further, even if plaintiff's allegations liberally
22  could be construed as sufficient to allege that defendant Laffey entered into a
23  conspiracy with some unnamed government entity to deter plaintiff from obtaining the
24  investigative reports plaintiff alleges that he has been seeking, such allegations are
25  wholly insufficient to support that Laffey (or any other named defendant) took any
26  action that hampered plaintiff in presenting an effective case in any then-pending
27  matter in federal court. Blankenship v. McDonald, 176 F.3d 1192, 1196 (9th Cir.
28  1999) ("allegations of witness intimidation under § 1985(2) will not suffice for a

13

1   cause of action unless it can be shown the litigant was hampered in being able to
2   present an effective case"); see also Rutledge, 859 F.2d at 735 (finding allegations
3   insufficient where, even if potential witnesses to plaintiff's federal action had been
4   intimidated, such intimidation had no effect on plaintiff's ability to present a case in
5   federal court).

6        To the extent that plaintiff purports to be alleging a claim against defendant
7   Laffey pursuant to § 1985(2), it is absolutely clear to the Court that the defects of
8   plaintiff's second cause of action are incapable of being cured by amendment because
9   the acts in which plaintiff contends defendant Laffey engaged cannot constitute a
10  violation of § 1985(2).  Moreover, because the allegations in the second cause of
11  action against defendant Bisby are identical to those against defendant Laffey, the
12  foregoing applies equally to defendant Bisby.

13

14        2.    Plaintiff's allegations are insufficient to state a claim pursuant to the
15              Fourth Amendment.

16        In his second cause of action, plaintiff also alleges that the "government and
17  others connected with this case utilized" defendant Laffey and that the "government
18  did violate plaintiff's privacy rights" by sending Laffey and others onto his premises.
19  (FAC at 3).  Construing these allegations liberally, it appears that plaintiff may be
20  attempting to allege a cause of action against defendant Laffey for violation of the
21  Fourth Amendment's prohibition against unreasonable searches and seizures.

22        A "search" within the meaning of the Fourth Amendment "occurs when the
23  government violates a subjective expectation of privacy that society recognizes as
24  reasonable." Kyllo v. United States, 533 U.S. 27, 33, 121 S. Ct. 2038, 150 L. Ed. 2d
25  94 (2001).  However, because defendant Laffey is not a government employee,
26  plaintiff may not bring a cause of action against her under the Fourth Amendment.
27  "Unlike the 'state actor' requirement of the Fourteenth Amendment, the Fourth
28  Amendment cannot be triggered simply because a person is acting on behalf of the

1   government." United States v. Attson, 900 F.2d 1427, 1429 (9th Cir. 1990). Rather,

2   the Fourth Amendment applies only "to **government conduct** that can reasonably be

3   characterized as a 'search' or a 'seizure.'" Aprin v. Santa Clara Valley Transp.

4   Agency, 261 F.3d 912, 924 (9th Cir. 2001) (emphasis added) (citing Attson, 900 F.2d

5   at 1429); see also Doe v. Hawaii Dep't of Educ., 334 F.3d 906, 909 (9th Cir. 2003)

6   (noting that the Fourth Amendment applies "to government conduct motivated by

7   'investigatory or administrative purposes'"). Thus, because plaintiff alleges that

8   defendant Laffey was acting on behalf of the government, plaintiff's allegations cannot

9   state a claim against her under the Fourth Amendment. Further, because it is

10  absolutely clear that no amendment could cure this defect against this defendant, the

11  Court recommends that any claim under the Fourth Amendment that plaintiff may be

12  asserting in his second cause of action be dismissed without leave to amend against

13  Laffey. In addition, to the extent that plaintiff may be attempting to state a similar

14  claim against defendant Bisby, because the allegations set forth in the FAC against

15  these two defendants are identical, it is clear that the foregoing applies equally to

16  defendant Bisby.

17      The Court therefore recommends that plaintiff's second cause of action be

18  dismissed without leave to amend.[8]

19

20  C.   **The allegations of plaintiff's third cause of action appear to be directed**

21      **solely at the Federal Defendants who have not yet filed a responsive**

22      **pleading herein; thus, the sufficiency of this cause of action presently is not**

23      **before the Court.**

24  \\

25

26  ───────────────

27      [8]    Because the Court is recommending that the only claim against defendant
        Laffey be dismissed without leave to amend, it is unnecessary for the Court to resolve
28  the factual issue as whether service of process on defendant Laffey was untimely.

15

1    As best the Court can glean from the allegations of the FAC, the gravamen of

2  plaintiff's third cause of action is that plaintiff's cell phone was electronically

3  monitored in violation of § 1985 and plaintiff's Fourth Amendment rights.  Plaintiff

4  alleges that the United States Attorney for the Central District "may have authorized

5  the monitoring of his cellular telephone" without cause and without judicial approval

6  for "more than a year."  The monitoring apparently began with a call that plaintiff

7  made in December 2001 to a "FedEx Center" to locate the nearest drop-off location

8  for a package he wished to send.  Plaintiff's number was incorrectly identified by the

9  computer program that he accessed as belonging to an exchange in Irvine, California,

10  which plaintiff alleges was not where he then resided.  Plaintiff alleges that the motive

11  for the government's "extraordinary pattern of abuse, harassment and intimidation,"

12  arises from his attempts, pursuant to the Freedom of Information Act, to obtain

13  "material from seven investigative reports concerning allegations of criminal

14  misconduct and abuses of plaintiff's civil and constitutional rights between December

15  1998 and January 2001."  (FAC at 3-4).

16    To the extent that the allegations of plaintiff's third cause of action implicate

17  any named defendant herein, they appear to be directed solely at one or more of the

18  Federal Defendants.  Because the Federal Defendants have not yet filed a responsive

19  pleading herein, the sufficiency of this cause of action presently is not before the

20  Court.

21

22  **D.    Plaintiff's fourth cause of action should be dismissed without leave to**

23  **amend.**

24    As best the Court can glean from the allegations of the FAC, the gravamen of

25  plaintiff's fourth cause of action is that defendants Trace, Ramirez, Pewthers, Dodge,

26  McCoy, and Wells Fargo, conspired "to deprive plaintiff of his liberty as guaranteed

27  by the Fifth Amendment of the United States Constitution" and to have plaintiff

28  incarcerated.  On January 26, 2005, plaintiff admitted that he had failed to serve

16

1    defendants Dodge, McCoy, Pewthers, and www.taxgate.com. (See plaintiff's Proof

2    of Service to Parties and Defendants).

3       Plaintiff alleges that, in August and September 2001, defendant Trace offered

4    to help plaintiff "resolve an issue with [the] IRS." At Trace's request, plaintiff drove

5    with her to San Diego to meet with defendant Ramirez at Del Mar. Ramirez agreed

6    to assist plaintiff in his efforts to settle his dispute with the IRS and, a week after the

7    meeting, called plaintiff and told him to contact Orlando [who is not named as a

8    defendant herein]. Plaintiff did so and Orlando eventually referred plaintiff to a web

9    site for further assistance, www.taxgate.com. This web site referred plaintiff to John

10    Feld, an advisor in Missouri [who is not named as a defendant herein]. Feld, in turn,

11    referred plaintiff to defendant Pewthers, who resided in Sacramento, California.

12    Plaintiff contacted Pewthers who encouraged plaintiff to "break the law" and

13    promised to "work wonders" if plaintiff would open a "Club Account" at a Wells

14    Fargo Bank. On October 31, 2001, plaintiff arrived in Sacramento and Pewthers

15    drove him to a branch of the Wells Fargo Bank where plaintiff was introduced to

16    Wells Fargo Vice President Bert Dodge and Personal Banker Candi McCoy, both of

17    whom assured plaintiff that the process of opening the checking account was entirely

18    legal. Plaintiff opened a new checking account that day with a $100 deposit, using

19    plaintiff's name and Pewthers' social security number. Shortly thereafter, plaintiff

20    learned while "surfing the internet" that the "Club Account" was illegal and that the

21    IRS prosecuted individuals who held them. Plaintiff closed his account in December

22    2001 and "reported the entire episode to the IRS Taxpayer Advocate's Office."

23    Plaintiff also met with the Chief Counsel to the Chairman of the Senate Finance

24    Committee who revealed that the account "had not been opened on October 31, 2000[9]

25

26       [9]    In his Original Complaint, plaintiff alleged that the "Club Account" was

27    opened on October 31, 2000. (Complaint at 5). Further, in his Opposition to
Defendant Carolyn Trace's Motion to Dismiss, plaintiff states that the meeting with

28                                                  (continued...)

1   [sic], as he had been led to believe, but five years before in 1995." In April 2001 a

2   "Congressional Inquiry" was launched, but the "results have been denied by the

3   Treasury Department." (FAC at 5-7).

4       Defendants Ramirez, Trace, and Wells Fargo all contend that, the only factual

5   allegations in the FAC that pertain to these defendants concern events that allegedly

6   occurred between August and October 2001. Because plaintiff did not file his original

7   Complaint herein until July 12, 2004, any potential federal civil rights claim arising

8   from these allegations is long time-barred.

9       In his opposition, plaintiff admits that his claims "butts [sic] against the

10   statutory limitation." (See Oppo. to Defendant's Motion to Dismiss, Wells Fargo

11   Bank at 13; Oppo. to Defendant's Motion to Dismiss, Judge Victor Ramirez at 25;

12   Oppo. to Defendant Carolyn Trace's Motion to Dismiss at 21). Plaintiff appears to

13   argue that his failure to file his action within the applicable limitations period should

14   be excused because the Departments of Justice and Treasury repeatedly have refused

15   to release the investigative reports that he has been seeking pursuant to the Freedom

16   of Information Act. Plaintiff argues that California law does not permit "a party who

17   continually violates the law to then claim a statute of limitations as a defense." (See,

18   e.g., Oppo. to Defendant Carolyn Trace's Motion to Dismiss at 22-23).

19       Federal civil rights claims are subject to the forum state's statute of limitations

20   applicable to personal injury claims. Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S.

21   Ct. 1938, 85 L. Ed. 2d 254 (1985); Owens v. Okure, 488 U.S. 235, 249, 109 S. Ct.

22   573, 102 L. Ed. 2d 594 (1989). Thus, federal civil rights claims arising in California

23   after Wilson are subject to California's statute of limitations period, which, at the

24

25      [9](...continued)

26   Trace and Ramirez took place in August 2000 and that the events "culminated on

27   October 30, 2000, at the Wells Fargo Bank." (Oppo. at 14; see also Oppo. to

Defendant's Motion to Dismiss, Wells Fargo Bank at 4; Oppo. to Defendant's Motion

28   to Dismiss, Judge Victor Ramirez at 15-16).

18

1  relevant time to plaintiff's fourth cause of action, was one year as set forth in Cal. Civ.

2  Proc. Code § 340(3).[10] Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir. 1989);

3  Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir. 1987).

4  Federal law, however, determines when a claim accrues, and when the

5  applicable limitations period begins to run. Bagley v. CMC Real Estate Corp., 923

6  F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992); Gibson v. United

7  States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987);

8  Venegas v. Wagner, 704 F.2d 1144, 1145 (9th Cir. 1983). A cause of action accrues

9  under federal law as soon as a potential claimant either is aware or should be aware

10  of the existence and source of his injury. Lee v. United States, 809 F.2d 1406, 1410

11  (9th Cir. 1987), cert. denied, 484 U.S. 1041 (1988); Bagley, 923 F.2d at 760.

12  Here, accepting as true the allegations in the FAC, plaintiff's only contacts with

13  defendants Trace, Ramirez, and Wells Fargo took place between August and October

14  of 2001. If, as plaintiff alleges, he learned in December 2001 that the information that

15  he had been provided concerning the bank account he opened at Wells Fargo was

16  false, then any federal civil rights claim arising from such false information or from

17  the opening of the bank account would have accrued no later than December 2001.

18  Thus, the statute of limitations on any such federal civil rights claim expired in

19  December 2002. Because plaintiff did not file his Complaint herein until July 12,

20  \\

21

---

22  [10]     Effective January 1, 2003, the California legislature added § 335.1 to the

23  California Code of Civil Procedure, which extends the statute of limitations to two

24  years for actions involving "assault, battery, or injury to, or for the death of, an
individual caused by the wrongful act or neglect of another." This statute, however,

25  is not retroactive and applies only to claims on which the statute of limitations had not

26  already run on the effective day of the act. See Maldonado v. Harris, 370 F.3d 945,

27  955 (9th Cir. 2004) ("an extension of a statute of limitations will not apply to claims
already barred under the prior statute of limitations"), cert. denied, 161 L. Ed. 2d 615,

28  125 S. Ct. 1725 (U.S. 2005).

1     2004, any federal civil rights claims plaintiff is purporting to state against defendants

2     Trace, Ramirez, and Wells Fargo were untimely by nearly 19 months.

3         In his oppositions to defendants' motions, plaintiff appears to be arguing that

4     defendants should be equitably estopped from asserting a statute of limitations defense

5     against plaintiff because various government agencies have refused to release reports

6     that he believes are somehow relevant to his claims against the named defendants.

7     However, under California law, equitable estoppel precludes a defendant from

8     invoking the statute of limitations in cases where that defendant has engaged in some

9     conduct, which was reasonably relied upon by the plaintiff, and which induced the

10     belated filing of the action. See, e.g., Santa Maria v. Pacific Bell, 202 F.3d 1170,

11     1176 (9th Cir. 2000); Shaffer v. Debbas, 17 Cal. App. 4th 33, 21 Cal. Rptr. 2d 110,

12     115 (Ct. App. 1993). Equitable estoppel may be asserted if a "defendant takes active

13     steps to prevent the plaintiff from suing in time." Santa Maria, 202 F.3d at 1176.

14     Here, plaintiff does not even purport to argue that any named defendant took any

15     action to prevent plaintiff from filing a timely action, or that he reasonably relied on

16     any such action.

17         Moreover, plaintiff's argument is inadequate to support equitable tolling. Under

18     California law, equitable tolling may operate to extend a statute of limitations "to

19     prevent the unjust technical forfeiture of causes of action where the defendant would

20     suffer no prejudice." Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004); see also

21     Lucchesi v. Bar-O Boys Ranch, 353 F.3d 691, 694-95 (9th Cir. 2003). Application

22     of the equitable tolling doctrine "requires a balancing of the injustice to the plaintiff

23     occasioned by the bar of his claim against the effect upon the important public interest

24     or policy expressed by the . . . limitations statute." Jones, 393 F.3d at 928. Here,

25     plaintiff does not contend that he took any steps to pursue his claims prior to filing this

26     action, that he provided advance notice of his claims to the defendants, that he made

27     any attempt to mitigate the prejudice to the defendants resulting from his delay, or that

28     he made a good faith effort to file his claims in a timely manner. Thus, allowing

<center>20</center>

1   plaintiff's time-barred claims to proceed would clearly prejudice the defendants. See

2   Guerrero v. Gates, 357 F.3d 911, 919 (9th Cir. 2004).

3       Plaintiff has failed to allege any facts in the FAC that would support the

4   application of either equitable estoppel or equitable tolling.  Nor has plaintiff

5   contended in his opposition to the motions to dismiss that, if he now were permitted

6   to amend the FAC, he would be able to allege such facts.  Consequently the Court

7   finds that it is absolutely clear that no amendment could cure the fact that all federal

8   civil rights claims alleged in plaintiff's fourth cause of action against defendants

9   Trace, Ramirez, and Wells Fargo are barred by the statute of limitations.[11] The Court

10  therefore recommends that the fourth cause of action be dismissed as to those

11  defendants without leave to amend.

12      Because the allegations of the FAC that pertain to the remaining defendants

13  named therein (i.e., defendants Pewthers, www.taxgate.com, Dodge, and McCoy) are

14  based on the same facts as the allegations against defendants Ramirez, Trace, and

15  Wells Fargo, all federal civil rights claims that plaintiff may be purporting to raise in

16  his fourth cause of action against these remaining defendants also would be time-

17  barred.  In addition, these defendants have not been served.  Plaintiff has failed to

18  even purport to set forth good cause for his failure to effectuate timely service and the

19  time to do so long has passed.  Accordingly, the Court recommends that the fourth

20  cause of action also be dismissed as to defendants Pewthers, www.taxgate.com,

21  Dodge, and McCoy without leave to amend not only for being time-barred, but also

22  \\

23  \\

24  \\

25

26

27  [11]    The Court's conclusion that any federal civil rights claims alleged in the

28  fourth cause of action are time-barred renders it unnecessary for the Court to reach the
other grounds for dismissal raised by defendants Ramirez, Trace and Wells Fargo.

<center>21</center>

1  for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct.

2  1386, 8 L. Ed. 2d 734 (1962); Federal Rule of Civil Procedure 41(b).[12]

3

4  **E.**  **The allegations of plaintiff's fifth cause of action appear to be directed**

5  **solely at the Federal Defendants who have not yet filed a responsive**

6  **pleading herein; thus, the sufficiency of this cause of action presently is not**

7  **before the Court.**

8  As best the Court can glean from the allegations of the FAC, the gravamen of

9  plaintiff's fifth cause of action is that the United States Attorney in the Northern

10  and/or Eastern District of California violated plaintiff's rights under the Fourth

11  Amendment by authorizing the illegal monitoring of plaintiff's cellular telephone for

12  a period of six months in 2000 while plaintiff was living in Fairfield, California.

13  (FAC at 7-8).

14  To the extent that the allegations of plaintiff's fifth cause of action implicate any

15  named defendant herein, they appear to be directed solely at one or more of the

16  Federal Defendants. Because the Federal Defendants have not yet filed a responsive

17  pleading herein, the sufficiency of this cause of action presently is not before the

18  Court.

19

20  **F.**  **Plaintiff's sixth cause of action should be dismissed without leave to**

21  **amend.**

22  As best the Court can glean from the allegations of the FAC, plaintiff's sixth

23  cause of action arises out of the California Medical Board's suspension of plaintiff's

24  California medical license on September 29, 1999. According to plaintiff, the Indiana

25  _____

26  [12]  In recommending that plaintiff's claims against these defendants also be

27  dismissed for failure to prosecute, the Court has considered the five factors cited in
Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Only the fourth (i.e., the public

28  policy favoring disposition of cases on their merits) militates against dismissal.

Medical Board had requested the suspension after a court in Indianapolis, Indiana

certified that plaintiff was in arrears on child support payments.  Plaintiff alleges that

the California Medical Board and defendant Heppell violated his Fourteenth

Amendment right to due process by suspending his license without providing him an

opportunity for a hearing in California to address the claims raised in Indiana. Plaintiff

further alleges that the actions of the California State Defendants deprived plaintiff of

his property rights in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

(FAC at 8-9).

The California State Defendants contend that venue is improper in the Central

District of California; that plaintiff is unable to state a § 1983 claim against the State

of California; and that plaintiff's Sixth Cause of Action against the State of California

and defendant Heppell is time-barred by the then-applicable, one-year statute of

limitations.

1.    Plaintiff's federal civil rights claims against the California Medical
      Board and defendant Heppell in her official capacity are barred by the
      Eleventh Amendment.

In Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L.

Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and state officials

sued in their official capacities are not persons subject to civil rights suits under 42

U.S.C. § 1983.  See 491 U.S. at 64-66.  The Supreme Court reasoned that a suit

against a state official in his or her official capacity is a suit against the official's

office, and as such is no different from a suit against the State itself which would be

barred by the Eleventh Amendment. See 491 U.S. at 64-66; see also Romano v. Bible,

169 F.3d 1182, 1185 (9th Cir.), cert. denied, 528 U.S. 816 (1999); Stivers v. Pierce,

71 F.3d 732, 749 (9th Cir. 1995); Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988)

("[T]he eleventh amendment bars actions against state officers sued in their official

capacities for past alleged misconduct involving a complainant's federally protected

23

1  rights, where the nature of the relief sought is retroactive, i.e., money damages, rather

2  than prospective, e.g., an injunction."). To overcome the Eleventh Amendment bar,

3  either the State must have consented to waive its sovereign immunity or Congress

4  must have abrogated it; moreover, the State's consent or Congress' intent must be

5  "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465

6  U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). While California has

7  consented to be sued in its own courts pursuant to the California Tort Claims Act,

8  such consent does not constitute consent to suit in federal court. See BV Engineering

9  v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988), cert. denied, 489

10  U.S. 1090 (1989); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105

11  S. Ct. 3142, 87 L. Ed. 2d 171 (1985)(holding that Art. III, § 5 of the California

12  Constitution did not constitute a waiver of California's Eleventh Amendment

13  immunity). Furthermore, Congress has not abrogated State sovereign immunity

14  against suits under 42 U.S.C. § 1983.

15       The Eleventh Amendment not only bars plaintiff's federal civil rights claims

16  against the California Medical Board and defendant Heppell in her official capacity

17  to the extent that plaintiff is seeking monetary damages from them, but also plaintiff's

18  federal civil rights claims against those defendants to the extent that plaintiff is

19  seeking any other form of relief. See Pennhurst, 465 U.S. at 100 ("This jurisdictional

20  bar applies regardless of the nature of the relief sought."); see also Alabama v. Pugh,

21  438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978)(per curiam)(Eleventh

22  Amendment bars claim for injunctive relief against Alabama and its Board of

23  Corrections).

24

25      2.   <u>Plaintiff's federal civil rights claims against the California State</u>

26         <u>Defendants (including defendant Heppell in her individual capacity) are</u>

27         <u>time-barred in any event.</u>

28  \\

1    In his opposition, plaintiff admits that his sixth cause of action is time-barred,

2 but again argues that the actions of various federal agencies in failing to comply with

3 his requests under the Freedom of Information Act should excuse plaintiff's failure to

4 file a timely action against the California State Defendants.  (See Opposition to

5 Defendant's [sic] Motion to Dismiss, Director, California Medical Board, Supervising

6 Deputy Attorney General Gail Heppell ["Oppo. to California State Defendants"] at 16-

7 18).

8    Accepting as true the allegations in the FAC, all federal civil rights claims

9 against the California State Defendants accrued when plaintiff was informed on

10 September 29, 1999, that his California medical license had been suspended.  Thus,

11 the applicable one-year statute of limitations expired on September 29, 2000.

12 Therefore, all federal civil rights claims which plaintiff is purporting to state against

13 the California State Defendants in the sixth cause of action were untimely by nearly

14 4 years when plaintiff filed his Complaint herein on July 12, 2004.

15    As discussed supra with respect to plaintiff's fourth cause of action, plaintiff

16 fails to even purport to argue that the California State Defendants took any action to

17 prevent plaintiff from filing a timely action, or that he reasonably relied on any such

18 action.  Nor does plaintiff contend that he took any steps to pursue his claims prior to

19 filing this action, that he provided advance notice of his claims to the defendants, that

20 he made any attempt to mitigate the prejudice to the defendants resulting from his

21 delay, or that he made a good faith effort to file his claims in a timely manner.

22    Plaintiff has failed to allege any facts in the FAC that would support the

23 application of either equitable estoppel or equitable tolling with respect to his sixth

24 cause of action.  Nor has plaintiff contended in his opposition to the California State

25 Defendants' Motion to Dismiss that, if he now were permitted to amend the FAC, he

26 would be able to allege such facts.  Consequently the Court finds that it is absolutely

27 clear that no amendment could cure the fact that all federal civil rights claims alleged

28 \\

25

1   in plaintiff's sixth cause of action against the California State Defendants are barred

2   by the statute of limitations.

3        The Court therefore recommends that plaintiff's sixth cause of action be

4   dismissed without leave to amend.[13]

5

6   **G.**   **Plaintiff's seventh cause of action should be dismissed because it fails to**

7        **state a claim against any named defendant.**

8        As best the Court can glean from the allegations of the FAC, the gravamen of

9   plaintiff's seventh cause of action is that an unnamed woman attempted to "entrap"

10  plaintiff into a sexual encounter that plaintiff alleges would have been used to support

11  plaintiff's "arrest, conviction and incarceration for a crime wholly designed and

12  brought to plaintiff by [the] government." Plaintiff alleges that this woman was

13  working for or on behalf of the government and that she disguised her true identity

14  and motives in violation of plaintiff's Fourth Amendment rights. Further, plaintiff

15  alleges that the "government" attempted to violate his Fifth Amendment rights against

16  loss of liberty with the "entrapment scheme." (FAC at 9-11).

17       These allegations do not even purport to state a federal civil rights claim against

18  any named defendant herein. Further, even accepting the implausible factual

19  allegations as set forth in plaintiff's seventh cause of action as true, those allegations

20  do not even remotely state a federal civil rights claim on which relief can be granted

21  against any named defendant. Because it is inconceivable that the defects of plaintiff's

22  seventh cause of action could be cured by amendment to state a federal civil rights

23

24

25      [13]    The Court's conclusions that plaintiff's federal civil rights claims against
    the California Medical Board and defendant Heppell in her official capacity are barred

26  by the Eleventh Amendment, and that any federal civil rights claims alleged in

27  plaintiff's sixth cause of action are time-barred in any event, render it unnecessary for
    the Court to reach the other grounds for dismissal raised by the California State

28  Defendants.

26

1  claim against any named defendant, the Court recommends that this cause of action

2  be dismissed without leave to amend.

3

4  **H.** **Plaintiff's eighth cause of action should be dismissed without leave to**

5  **amend**

6  As best the Court can glean from the allegations of the FAC, the gravamen of

7  plaintiff's eighth cause of action is that Defendants Sheriff, Atlantic Relocation

8  Systems, Kern, and Siedel[14] violated plaintiff's property rights and due process rights

9  when plaintiff suffered an eviction from his home in Hamilton County, Indiana in July

10  1998. Plaintiff alleges that Defendant Sheriff arrived with movers from Atlantic

11  Relocation Systems and, acting pursuant to a court-issued eviction order, packed

12  plaintiff's household belongings and stored them in the name of defendant Steve

13  Siedel. Plaintiff's attorney at the time, defendant Kern, failed to timely file a "Writ of

14  Habeas Mandamus" to prevent the eviction. Thereafter, defendants stole some of

15  plaintiff's household goods, as plaintiff discovered when the goods were moved from

16  Indiana to Fairfield in northern California in May 1999 and the goods that he received

17  did not match what had supposedly been stored and shipped. (FAC at 11-13).

18  Defendants Sheriff and Atlantic Relocation Systems contend that the Central

19  District of California is not the proper venue for this action; that plaintiff's claim is

20  barred by the applicable statute of limitations; and that plaintiff's allegations are

21  insufficient to state a claim. In addition, Defendant Sheriff contends that he is entitled

22  to absolute, quasi-judicial immunity from liability for carrying out a facially valid

23  court order and that service of process was insufficient.

24  \\

25

26

27  [14]  Plaintiff filed proofs of service indicating that he had completed service
of process on defendants Kern and Siedel on December 9, 2004. Neither defendant
28  has made an appearance herein.

27

The Court concurs with the contention of Defendant Sheriff and Atlantic Relocation Systems that plaintiff's claims are time-barred. To the extent that plaintiff's allegations in his eighth cause of action could conceivably be purporting to state any federal civil rights claims against either Defendant Sheriff or Atlantic Relocation Systems, such claims would have accrued no later than May 1999, when plaintiff alleges he discovered that some of his property was missing. Because the statute of limitations for any federal civil rights claim would have expired in May 2000, all federal civil rights claims against Defendant Sheriff and defendant Atlantic Relocation Systems that plaintiff may be purporting to state in his eighth cause of action were long time-barred in July 2004 when he filed his action herein.

In his opposition to Atlantic Relocation Systems' and Defendant Sheriff's Motions, plaintiff repeats the same arguments evoking equitable estoppel or equitable tolling that he has raised in his opposition to each pending motion to dismiss. (See Oppo. to Defendant's Motion to Dismiss, Hamilton County Sheriff's Department at 16-19; Oppo. to Defendant's Motion to Dismiss, Atlantic Relocations [sic] at 16-19). Once again, plaintiff fails to even purport to argue that these defendants took any action to prevent plaintiff from filing a timely action, or that he reasonably relied on any such action. Nor does plaintiff contend that he took any steps to pursue his claims prior to filing this action, that he provided advance notice of his claims to these defendants, that he made any attempt to mitigate the prejudice to these defendants resulting from his delay, or that he made a good faith effort to file his claims in a timely manner.

Plaintiff has failed to allege any facts in the FAC that would support the application of either equitable estoppel or equitable tolling with respect to his eighth cause of action. Nor has plaintiff contended in his opposition to defendants' Motion to Dismiss that, if he now were permitted to amend the FAC, he would be able to allege such facts. Consequently the Court finds that it is absolutely clear that no amendment could cure the fact that all federal civil rights claims purportedly raised

28

1  in plaintiff's eighth cause of action against Atlantic Relocation Systems and Defendant

2  Sheriff are barred by the statute of limitations.  Moreover, to the extent that plaintiff

3  is purporting to state a civil rights claim in the eighth cause of action against

4  defendants Kern and Siedel, the time-bar deficiency applies equally to those

5  defendants.

6  The Court therefore recommends that plaintiff's eighth cause of action be

7  dismissed without leave to amend.[15]

8

9  **I.   Plaintiff's ninth cause of action should be dismissed without leave to**

10 **amend.**

11 As best the Court can glean from the allegations of the FAC, the gravamen of

12 plaintiff's ninth cause of action is that defendant Kern[16] and Defendant Clerk violated

13 his due process rights under the Fourteenth Amendment.  Plaintiff alleges that, in

14 August 2000, he requested a copy of the decision by the Indiana Supreme Court on

15 his appeal of the 1998 action in Indiana that resulted in his eviction as alleged in his

16 eighth cause of action.  Plaintiff received a copy of the decision that "carried a

17 misleading date/time stamp, omitting the date that the appeal had actually been filed

18 and indicating only 7:30 for the time," but not indicating whether the filing by

19 defendant Kern had occurred in the morning or evening.  Plaintiff alleges that

20 Defendant Clerk must have "forged the date/time information to make it appear as

21 though plaintiff's appellant review rights had been upheld, when in fact they had not."

22 (FAC at 14).

23 \\

24

25 _____

[15]   The Court's conclusion that plaintiff's eighth cause of action is time-

26 barred renders it unnecessary for the Court to reach the other grounds for dismissal

27 raised by Atlantic Relocation Systems and Defendant Sheriff.

28 [16]   As discussed, <u>supra</u>, defendant Kern has not appeared in this action.

1    Defendant Clerk contends that the Court lacks personal jurisdiction over

2    Defendant Clerk; that venue is not proper in the Central District of California; that

3    service of process was insufficient; that plaintiff's claim against Defendant Clerk is

4    barred by the Eleventh Amendment; and that plaintiff's civil rights claim against

5    Defendant Clerk is barred by the applicable statute of limitations.

6    The Court agrees that all federal civil rights claims that plaintiff may be

7    purporting to state in his ninth cause of action against Defendant Clerk are barred by

8    the applicable statute of limitations. Plaintiff's ninth cause of action purports to arise

9    from errors or fraudulent actions that allegedly occurred when defendant Kern filed

10   an appeal on plaintiff's behalf with Defendant Clerk in 1998. Because plaintiff alleges

11   that he discovered the alleged errors or fraudulent actions in August 2000, any

12   potential federal civil rights claim arising from the appeal would have accrued no later

13   than August 2000. Consequently, the statute of limitations expired in August 2001,

14   and all potential federal civil rights claims alleged in plaintiff's ninth cause of action

15   were thus untimely by nearly three years when plaintiff filed his original Complaint

16   herein.

17   In his opposition to Defendant Clerk's Motion, plaintiff repeats the same

18   arguments regarding equitable estoppel or equitable tolling that he has raised in his

19   opposition to each pending motion to dismiss. (See Oppo. to Defendant's Motion to

20   Dismiss, Indiana Indiana [sic] Supreme Court Clerk at 19-22). Once again, plaintiff

21   fails to even purport to argue that Defendant Clerk took any action to prevent plaintiff

22   from filing a timely action, or that he reasonably relied on any such action. Nor does

23   plaintiff contend that he took any steps to pursue his claims prior to filing this action,

24   that he provided advance notice of his claims to Defendant Clerk, that he made any

25   attempt to mitigate the prejudice to Defendant Clerk resulting from his delay, or that

26   he made a good faith effort to file his claims against Defendant Clerk in a timely

27   manner.

28   \\

30

1    Thus, plaintiff has failed to allege any facts in the FAC that would support the

2    application of either equitable estoppel or equitable tolling with respect to his ninth

3    cause of action.  Nor has plaintiff contended in his opposition to Defendant Clerk's

4    Motion to Dismiss that, if he now were permitted to amend the FAC, he would be able

5    to allege such facts.  Consequently the Court finds that it is absolutely clear that no

6    amendment could cure the fact that all federal civil rights claims purportedly raised

7    in plaintiff's ninth cause of action against Defendant Clerk are barred by the statute of

8    limitations.  Moreover, to the extent that plaintiff is purporting to state a civil rights

9    claim against defendant Kern, the time-bar deficiency applies equally to defendant

10   Kern.

11   The Court therefore recommends that plaintiff's ninth cause of action be

12   dismissed without leave to amend.[17]

13

14   **J.   The allegations of plaintiff's tenth cause of action appear to be directed**

15   **solely at the Federal Defendants who have not yet filed a responsive**

16   **pleading herein; thus, the sufficiency of this cause of action presently is not**

17   **before the Court.**

18   As best the Court can glean from the allegations of the FAC, the gravamen of

19   plaintiff's Claim 10 is that the United States Senator from Indiana, Evan Bayh,

20   conducted a "third party" Congressional inquiry into the seven investigative reports

21   that plaintiff has been seeking, which was intended to restrict plaintiff's access to the

22   investigations.  Plaintiff alleges that Senator Bayh "acted outside his legislative role

23   in blocking the release of these documents" and "conspired with others to protect his

24   Indiana constituents who had broken [the] law."  Plaintiff contends that such actions

25

26   _____

27   [17]    The Court's conclusion that the federal civil rights claims alleged in
     plaintiff's ninth cause of action are time-barred renders it unnecessary for the Court

28   to reach the other grounds for dismissal raised by Defendant Clerk.

31

1 │ violated § 1985 and the Fourth Amendment, and that plaintiff was denied "equal

2 │ protection under the laws." (FAC 14-15).

3 │      To the extent that the allegations of plaintiff's Claim 10 implicate any named

4 │ defendant herein, they appear to be directed solely at Senator Bayh, who is one of the

5 │ Federal Defendants. Because the Federal Defendants have not yet filed a responsive

6 │ pleading herein, the sufficiency of this claim presently is not before the Court.

7 │

8 │ **K.**     **Plaintiff's eleventh cause of action should be dismissed without leave to**

9 │     **amend.**

10 │      As best the Court can glean from the allegations of the FAC, the gravamen of

11 │ plaintiff's eleventh cause of action is that defendant Tempke, who is alleged to be an

12 │ "outside contract employee" at the Federal Correctional Institute in Victorville,

13 │ attempted to murder plaintiff by substituting a "pill that contained a toxic compound"

14 │ for plaintiff's regular medication on two occasions in July 2004. Plaintiff alleges that

15 │ defendant Tempke was "working for, with, or on behalf of the parties named herein.

16 │ Further, plaintiff alleges that two prior attempts were made on his life in November

17 │ and December 2002, and again in September 2003 when he intentionally was exposed

18 │ to a toxic substance that plaintiff believes was "Ricsin" [sic]. Plaintiff believes that

19 │ the attempts were made by "parties working for or on behalf of the government."

20 │ Plaintiff contends that these actions violated what he asserts is the Fifth Amendment's

21 │ "guarantee of life, liberty and the pursuit of happiness." (FAC at 16-17).

22 │      The only defendant named or implicated in plaintiff's eleventh cause of action

23 │ is defendant Tempke, who was voluntarily dismissed with prejudice from this action

24 │ by plaintiff. Even accepting the implausible factual allegations set forth in plaintiff's

25 │ eleventh cause of action as true, the allegations do not even remotely state a federal

26 │ civil rights claim on which relief can be granted against any other named defendant

27 │ herein. Because it is absolutely clear to the Court that the defects of plaintiff's

28 │ eleventh cause of action against any remaining defendant are incapable of being cured

1 by amendment, the Court recommends that this cause of action be dismissed without

2 leave to amend.

3

4 **L.** **Plaintiff's state law claims, if any, should also be dismissed against all**

5 **defendants other than the Federal Defendants.**

6       For the reasons set forth above, the Court recommends that plaintiff's federal

7 civil rights claims against all defendants other than the Federal Defendants be

8 dismissed without leave to amend. Consequently, there is no need for the Court to

9 reach the issue of whether plaintiff's allegations may be sufficient to state any claim

10 under state law. In view of the Court's recommendation that all of plaintiff's federal

11 claims be dismissed without leave to amend, the Court recommends that supplemental

12 jurisdiction be declined over any possible state law claims plaintiff may be purporting

13 to allege against all defendants other than the Federal Defendants. See 28 U.S.C. §

14 1367(c)(3)(if the district court has dismissed all claims over which it has original

15 jurisdiction, the court has discretion to decline supplemental jurisdiction over

16 plaintiff's state law claims); see also Executive Software North America, Inc. v. U.S.

17 Dist. Court for Cent. Dist. of California, 24 F.3d 1545, 1555-56 (9th Cir. 1994);

18 Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991). Therefore, the Court

19 also recommends dismissal of plaintiff's state law claims, if any, against all

20 defendants save for the Federal Defendants, without prejudice to plaintiff raising such

21 claims in state court.

22 \\

23 \\

24 \\

25 \\

26 \\

27 \\

28 \\

33

1                **RECOMMENDATION**

2          IT THEREFORE IS RECOMMENDED that the District Court issue an Order:

3 (1) approving and adopting this Report and Recommendation; (2) granting defendants'

4 pending motions to dismiss; (3) dismissing plaintiff's first, second, fourth, sixth,

5 seventh, eighth, ninth, and eleventh causes of action without leave to amend, but

6 without prejudice to plaintiff raising his state law claims, if any, in state court; and (4)

7 dismissing from this action all defendants save for the Federal Defendants.

8

9 DATED:   _June 2, 2005_

10

11

12

13                 ROBERT N. BLOCK
                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GEORGE M. LEWIS,

           Plaintiff,

    vs.

EVAN BAYH, et al.,

           Defendants.

Case No. CV 04-2950-AHS (RNB)

ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

On August 10, 2005, the assigned Magistrate Judge issued a Report and Recommendation herein, wherein he recommended that the Court issue an order granting the pending motion to dismiss filed by named defendants Yang, Gordon, Mueller, Seave, and Bayh (hereinafter the "Federal Defendants"); dismissing plaintiff's third, fifth, and tenth causes of action without leave to amend, but without prejudice to plaintiff raising his state law claims, if any, in state court and his claims against defendant Bayh in a district in which venue is proper; and directing that Judgment now be entered dismissing this action without prejudice.

On September 15, 2005, plaintiff filed two documents herein. The first was captioned "In Response to the Magistrate Judge's Report and Recommendation," and constituted plaintiff's objections to the Report and Recommendation. The second was

///

1

131

DOCKETED ON CM

NOV - 8 2005

BY        039

Attachment 3
Mem. in Supp. of Def's Mot. to Dismiss, 07-CV-0939 (RMU)

1    a "Motion to Transfer Cause of Action Ten to the District of Columbia Pursuant to

2    Sections 1404 and 1406."

3        Pursuant to 28 U.S.C. § 636, the Court has conducted a review of all the

4    records and files of this case, including the Report and Recommendation of United

5    States Magistrate Judge and the two documents filed by plaintiff on September 15,

6    2005. Having made a <u>de</u> <u>novo</u> determination of those portions of the Report and

7    Recommendation to which objections have been made, the Court concurs with and

8    adopts the findings, conclusions and recommendations of the Magistrate Judge.

9        IT THEREFORE IS ORDERED that: (1) the Federal Defendants' pending

10    motion to dismiss is granted; (2) plaintiff's third, fifth, and tenth causes of action

11    without leave to amend, but without prejudice to plaintiff raising his state law claims,

12    if any, in state court and his claims against defendant Bayh in a district in which

13    venue is proper; and (3) Judgment be entered dismissing this action without

14    prejudice.

15        IT FURTHER IS ORDERED that plaintiff's motion to transfer is denied.

16

17    DATED:    NOV 17 2005

18

19

20

21                 ALICEMARIE H. STOTLER
                 UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

Priority ✓
Send ✓
Enter ———
Closed ———
JS-5/JS-6 ———
JS-2/JS-3 ———
Scan Only ———

DOCKETED ON CM
AUG 11 2005
BY _____ 072

FILED
CLERK, U.S. DISTRICT COURT
AUG 11 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE M. LEWIS, | CASE NUMBER: |
| PLAINTIFF, | CV 04-2950-AHS (RNB) |
| v. | |
| EVAN BAYH, et al., | NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| DEFENDANTS. | |

TO:   All Parties of Record

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed on __August 10, 2005__, a copy of which is attached.

Any party having objections to the report and recommendation shall, not later than Aug. 25, 2005, file and serve a written statement of objections with points and authorities in support thereof before the Honorable ROBERT N. BLOCK_____, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until the judgment and/or order by the District Judge has been entered.

CLERK,  UNITED STATES DISTRICT COURT

Dated:   August 11, 2005

By _____
Jazmin Dorado,  Deputy Clerk

M-51A ( 11/01)      NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

(119)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GEORGE M. LEWIS,

    Plaintiff,

  vs.

EVAN BAYH, et al.,

    Defendants.

Case No. CV 04-2950-AHS (RNB)

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

  This Report and Recommendation is submitted to the Honorable Alicemarie H. Stotler, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

  On July 12, 2004, plaintiff filed a pro se civil rights Complaint. The operative pleading herein is plaintiff's Amended Complaint, filed on August 9, 2004 [hereinafter the "First Amended Complaint" or "FAC"]. The FAC purports to name 24 defendants (plus two doe defendants), and contains 11 alleged causes of action. As best the Court can glean from the allegations in the FAC, plaintiff's claims arise out of multiple and apparently unrelated conspiracies intended, in part, to deprive plaintiff of his medical license, to delay plaintiff in filing a tort claim against the Internal Revenue Service,

FILED
CLERK, U.S. DISTRICT COURT
AUG 10 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DOCKETED ON CM
AUG 11 2005
BY _____ 072

118

Attachment 3
Mem. in Supp. of Def's Mot. to Dismiss, 07-CV-0939 (RMU)

1    and to prevent plaintiff from gaining access to seven investigative reports that he has

2    sought pursuant to the Freedom of Information Act.  Plaintiff purports to allege

3    various violations of the Fourth Amendment's prohibition against unreasonable

4    searches and seizures, his First Amendment rights to "liberty" and to petition the

5    government, his due process rights, and multiple violations of 42 U.S.C. § 1985.

6        Between November 29, 2004, and January 31, 2005, nine motions to dismiss

7    plaintiff's FAC were filed by various defendants.  In addition, during the pendency of

8    this action, requests by plaintiff that defendant Tempke and defendant Flinn be

9    dismissed pursuant to Fed. R. Civ. P. 41(a) were granted.  On February 7, 2005,

10   defendants United States Attorney Debra Yang; Former United States Attorneys John

11   Gordon, Robert Mueller, and Paul Seave; and United States Senator Evan Bayh

12   [hereinafter collectively "the Federal Defendants"] filed the first of several requests

13   for an extension of time in which to file a responsive pleading to the First Amended

14   Complaint.

15       On June 2, 2005, the Court issued a Report and Recommendation

16   recommending that the District Court: (1) grant defendants' then pending motions to

17   dismiss; (2) dismiss plaintiff's first, second, fourth, sixth, seventh, eighth, ninth, and

18   eleventh causes of action without leave to amend, but without prejudice to plaintiff

19   raising his state law claims, if any, in state court; and (3) dismiss from this action all

20   defendants save for the Federal Defendants.  The sufficiency of the claims against the

21   Federal Defendants was not before the Court in making this recommendation.[1]

22       On June 7, 2005, the Federal Defendants filed a Motion to Dismiss [hereinafter

23   "Motion"] pursuant to Fed. R. Civ. P 12b(3) and 12b(6).  The Federal Defendants

24   contend that (1) most of plaintiff's claims fail to allege any misconduct on the part of

25

26   _____

27       [1]    After plaintiff failed to file objections to the Report and Recommendation
     within the allotted time, the District Judge issued an Order on July 27, 2005 adopting

28   the findings, conclusions and recommendations of the Magistrate Judge.

2

1  these defendants and, to the extent that the claims appear to be directed at these
2  defendants, plaintiff fails to set forth any facts alleging that the Federal Defendants
3  were personally responsible for any of the alleged violations; (2) the statute of
4  limitations has run as to most of plaintiff's claims, including his third and fifth causes
5  of action; (3) venue is improper with respect to plaintiff's tenth cause of action against
6  Senator Bayh; and (4) the tenth cause of action fails to state a claim against Senator
7  Bayh. Plaintiff filed his opposition ("Oppo.") to the Motion on July 7, 2005.[2] The
8  Federal Defendants filed a reply thereto on August 4, 2005.

9        Thus, the Motion now is ready for decision.

10

11                          **STANDARD OF REVIEW**

12        In a motion to dismiss for improper venue pursuant to Rule 12(b)(3), the Court
13  may consider facts outside the pleadings and the pleadings need not be accepted as
14  true. See Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004);
15  Richards v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998) (en banc);
16  Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). However, the
17  Court "must draw all reasonable inferences in favor of the non-moving party and
18  resolve all factual conflicts in favor of the non-moving party." Murphy, 362 F.3d at
19  1138-39.

20

21  _____

22        [2]     Plaintiff has attached various documents as exhibits to his opposition to
     the Motion that appear to relate to the sufficiency of his claims. In deciding a motion
23  pursuant to Rule 12(b)(6), the Court may not look outside the pleadings without
     converting the motion into a motion for summary judgment. See Anderson v.
24  Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, the Court has discretion either
     to consider or reject such evidence. See Finley Lines Joint Protective Bd. v. Norfolk
25  Southern Corp., 109 F.3d 993, 996 (4th Cir. 1997); Skyberg v. United Food &
26  Commercial Workers Int'l Union, 5 F.3d 297, 302 n.2 (8th Cir. 1993). Here, the Court
     has elected not to treat the motion to dismiss as a motion for summary judgment and
27  has not considered any records outside the pleadings.
28

                                    3

1      A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of a statement

2  of claim for relief.  A complaint may be dismissed as a matter of law for failure to

3  state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient

4  facts alleged under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901

5  F.2d 696, 699 (9th Cir. 1988).  Plaintiff's allegations of material fact must be taken

6  as true and construed in the light most favorable to plaintiff.  <u>See</u> <u>Love v. United</u>

7  <u>States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).

8      Since plaintiff is appearing <u>pro se</u>, the Court must construe the allegations of

9  the complaint liberally and must afford plaintiff the benefit of any doubt.  <u>See</u> <u>Karim-</u>

10  <u>Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988).

11

12                        **DISCUSSION**

13  **A.**    **Plaintiff's tenth cause of action should be dismissed because venue is**

14        **improper.**

15      As best the Court can glean from the allegations of the FAC, the gravamen of

16  plaintiff's tenth cause of action is that the United States Senator from Indiana, Evan

17  Bayh, conducted a "third party" Congressional inquiry into the seven investigative

18  reports that plaintiff has been seeking, which was intended to restrict plaintiff's access

19  to the investigations.  Plaintiff alleges that Senator Bayh "acted outside his legislative

20  role in blocking the release of these documents" and "conspired with others to protect

21  his Indiana constituents who had broken [the] law."  Plaintiff contends that such

22  actions violated § 1985 and the Fourth Amendment, and that plaintiff was denied

23  "equal protection under the laws." (FAC 14-15).

24      To the extent that the allegations of plaintiff's tenth cause of action implicate

25  any named defendant herein, they appear to be directed solely at Senator Bayh and

26  appear to relate solely to events that took place either in the District of Columbia or

27  in Indiana.  Further, plaintiff's tenth cause of action is the only cause of action in the

28  FAC that purports to set forth any allegations against Senator Bayh.

<div align="center">4</div>

1    Senator Bayh contends that venue is improper in the Central District of
2  California because he does not reside in the Central District of California and the
3  events giving rise to the claim did not occur in the Central District of California. In
4  his Opposition, plaintiff does not oppose Senator Bayh's contention that venue is
5  improper. Rather, plaintiff merely states that "[t]he court must determine the question
6  of Senator Bayh's venue [sic]." (Oppo. at 3).

7    Pursuant to 28 U.S.C. § 1391(b), venue over a civil rights action properly lies
8  only in:

9          "(1) a judicial district where any defendant resides, if all defendants
10         reside in the same State, (2) a judicial district in which a substantial part
11         of the events or omissions giving rise to the claim occurred, or a
12         substantial part of property that is the subject of the action is situated, or
13         (3) a judicial district in which any defendant may be found, if there is no
14         district in which the action may otherwise be brought."

15

16    Here, drawing all reasonable inferences in favor of plaintiff, it appears that
17  plaintiff's action against Senator Bayh properly could have been brought only in the
18  District of Columbia or in the appropriate district in Indiana pursuant to either the first
19  or second criteria above. Consequently, because Senator Bayh is the only defendant
20  named in the tenth cause of action, the Court concurs with Senator Bayh that venue
21  for plaintiff's tenth cause of action is not proper in the Central District of California.

22    When venue is improper, the district court has discretion either to dismiss the
23  case without prejudice or transfer it "in the interest of justice" to the proper district.
24  See 28 U.S.C. § 1406(a). In his Opposition, plaintiff neither seeks to have the cause
25  of action transferred nor purports to show why a transfer, as opposed to a dismissal,
26  would be "in the interest of justice" in this instance. Absent any showing that a
27  transfer would be in the interest of justice, particularly in a case where plaintiff's
28  allegations against Senator Bayh are at best tenuous, transfer is not warranted. See

1   King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992) (affirming dismissal rather than
2   transfer in part because plaintiff expressed no interest in a transfer); Wood v. Santa
3   Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983) ("Justice
4   would not have been served by transferring Wood's claims back to a jurisdiction that
5   he purposefully sought to avoid through blatant forum shopping."). Moreover, the
6   Court notes that there is authority for the proposition that it is not in the interest of
7   justice to transfer an action that was obviously filed in the wrong court, and "thereby
8   imposed substantial unnecessary costs on both the defendant and the judicial system."
9   See Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993); Cote v.
10   Wadel, 796 F.2d 981, 985 (7th Cir.1986); Schwarzer, Tashima & Wagstaffe, Cal.
11   Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 4:207.2 (2000). Consequently, the Court
12   recommends that plaintiff's tenth cause of action be dismissed without prejudice to
13   plaintiff filing the cause of action in a district where venue is proper.

14

15   **B.**   **Plaintiff's third and fifth causes of action should be dismissed without**
16        **leave to amend as untimely.**

17       As best the Court can glean from the allegations of the FAC, the gravamen of
18   plaintiff's third cause of action is that plaintiff's cellular telephone was electronically
19   monitored in violation of § 1985 and plaintiff's Fourth Amendment rights. Plaintiff
20   alleges that the United States Attorney for the Central District "may have authorized
21   the monitoring of his cellular telephone" without cause and without judicial approval
22   for "more than a year." However, the only factual allegation plaintiff sets forth in
23   support of his contention that the Federal Defendants monitored his telephone
24   concerns a call that plaintiff made in December 2001 to a "FedEx Center" to locate
25   the nearest drop-off location for a package he wished to send. Plaintiff's number was
26   incorrectly identified by the computer program that he accessed as belonging to an
27   exchange in Irvine, California, which plaintiff alleges was not where he then resided.
28   Plaintiff alleges that the motive for the government's "extraordinary pattern of abuse,

harassment and intimidation," arises from his attempts, pursuant to the Freedom of Information Act, to obtain "material from seven investigative reports concerning allegations of criminal misconduct and abuses of plaintiff's civil and constitutional rights between December 1998 and January 2001." (FAC at 3-4).

The gravamen of plaintiff's fifth cause of action is that the United States Attorney in the Northern and/or Eastern District of California violated plaintiff's rights under the Fourth Amendment by authorizing the illegal monitoring of plaintiff's cellular telephone for a period of six months in 2000 while plaintiff was living in Fairfield, California. (FAC at 7-8).

The Court concurs with the contention of the Federal Defendants that plaintiff's third and fifth causes of action are time-barred.

Federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims. <u>Wilson v. Garcia</u>, 471 U.S. 261, 279-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); <u>Owens v. Okure</u>, 488 U.S. 235, 249, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). Thus, federal civil rights claims arising in California after <u>Wilson</u> are subject to California's statute of limitations period, which, prior to January 1, 2003, was one year as set forth in Cal. Civ. Proc. Code § 340(3).[3] <u>Del Percio v. Thornsley</u>, 877 F.2d 785, 786 (9th Cir. 1989); <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 558 (9th Cir. 1987).

---

[3]      Effective January 1, 2003, California enacted a new two-year statute of limitations for personal injury claims. <u>See</u> Cal. Civ. Proc. Code § 335.1. This statute is not retroactive and applies only to claims on which the statute of limitations had not already run on the effective day of the act. <u>See</u> <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004) ("an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations"), <u>cert. denied</u>, 161 L. Ed. 2d 615, 125 S. Ct. 1725 ( 2005); <u>see also</u> <u>Krupnick v. Duke Energy Morro Bay, LLC</u>, 115 Cal. App. 4th 1026, 9 Cal. Rptr. 3d 767 (2004) (holding that the new 2-year statute of limitations did not apply retroactively to claims already barred on the effective date of the act).

1  Federal law, however, determines when a claim accrues, and when the

2  applicable limitations period begins to run. <u>Bagley v. CMC Real Estate Corp.</u>, 923

3  F.2d 758, 760 (9th Cir. 1991), <u>cert.</u> <u>denied</u>, 502 U.S. 1091 (1992); <u>Gibson v. United</u>

4  <u>States</u>, 781 F.2d 1334, 1340 (9th Cir. 1986), <u>cert.</u> <u>denied</u>, 479 U.S. 1054 (1987);

5  <u>Venegas v. Wagner</u>, 704 F.2d 1144, 1145 (9th Cir. 1983). A cause of action accrues

6  under federal law as soon as a potential claimant either is aware or should be aware

7  of the existence and source of his injury. <u>Lee v. United States</u>, 809 F.2d 1406, 1410

8  (9th Cir. 1987), <u>cert.</u> <u>denied</u>, 484 U.S. 1041 (1988); <u>Bagley</u>, 923 F.2d at 760.

9  Here, accepting as true the allegations in the FAC, plaintiff's only possible

10 contacts with the Federal Defendants as alleged in his fifth cause of action took place

11 in 2000. Similarly, accepting as true the allegations in the third cause of action, the

12 only factual allegation supporting any possible contact with the Federal Defendants

13 occurred in December 2001. The one-year statute of limitations for any possible

14 federal civil rights claim arising from these contacts would have expired by no later

15 than December 31, 2002, and, thus, plaintiff's third and fifth causes of action were

16 untimely by nearly 19 months when he filed his Complaint herein.

17 In his Opposition, plaintiff does not contend that his claims were timely.

18 Rather, plaintiff asserts that he has offered "proof that defendants Seave, Gordon,

19 Mueller, and Yang violated the Electronic Communications Privacy Act (ECPA)."

20 (Oppo. at 3, 9-11). Not only did plaintiff **not** raise any such claim in his FAC, but

21 plaintiff's Opposition sets forth no facts connecting any such alleged violations to any

22 of the Federal Defendants. To the contrary, plaintiff merely makes the conclusory

23 assertion that he experienced periods of illegal wiretapping in 2000, 2001, 2002, and

24 2003. (Oppo. at 7, 12, 15). Further, plaintiff alleges that he has experienced

25 "persistent problems with Internet access and security" since January 2002 that he

26 attributes to the fact that the Department of Defense has targeted and attacked his

27 computer (Oppo. at 15-17), and that, beginning in 2003, "the government continued

28 the pattern of intimidation and harassment upon his right to privacy by employing

8

1  illegal wiretaps on the cellular telephone of Dianne Curran" with whom plaintiff

2  spoke daily in a professional capacity (Oppo. at 7-9). However, neither of these more

3  recent events pertain to the allegations raised in plaintiff's third and fifth causes of

4  action in his FAC, or to any of the Federal Defendants named in the FAC.

5       Finally, plaintiff has not even purported to argue in his opposition that, if he

6  were permitted to amend the FAC, he would be able to allege any facts to support that

7  his claims against the Federal Defendants are not barred by the statute of limitations.

8  Consequently the Court finds that it is absolutely clear that no amendment could cure

9  the fact that any federal civil rights claims in plaintiff's third and fifth causes of action

10 are barred by the statute of limitations.[4] The Court therefore recommends that the

11 third and fifth causes of action be dismissed without leave to amend. <u>See</u> <u>Noll v.</u>

12 <u>Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (<u>pro se</u> litigant must be given leave to

13 amend his or her complaint unless it is absolutely clear that the deficiencies cannot be

14 cured by amendment).

15

16 **C.    Plaintiff's state law claims, if any, should also be dismissed.**

17      For the reasons set forth above, the Court recommends that plaintiff's federal

18 civil rights claims against the Federal Defendants be dismissed without leave to

19 amend. Consequently, there is no need for the Court to reach the issue of whether

20 plaintiff's allegations may be sufficient to state any claim under state law. In view of

21 the Court's recommendation that all of plaintiff's federal claims be dismissed without

22 leave to amend, the Court recommends that supplemental jurisdiction be declined over

23 any possible state law claims plaintiff may be purporting to allege against the Federal

24 Defendants. <u>See</u> 28 U.S.C. § 1367(c)(3)(if the district court has dismissed all claims

25 _____

26      [4]    The Court's conclusion that any federal civil rights claims alleged in the
27 third and fifth causes of action are time-barred renders it unnecessary for the Court to
   reach the other grounds for dismissal raised by Federal Defendants with respect to
28 these claims.

9

over which it has original jurisdiction, the court has discretion to decline supplemental jurisdiction over plaintiff's state law claims); see also Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California, 24 F.3d 1545, 1555-56 (9th Cir. 1994); Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991). Therefore, the Court also recommends dismissal of plaintiff's state law claims, if any, without prejudice to plaintiff raising such claims in state court.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting the Federal Defendants' pending motion to dismiss; (3) dismissing plaintiff's third, fifth, and tenth causes of action without leave to amend, but without prejudice to plaintiff raising his state law claims, if any, in state court and his claims against defendant Bayh in a district in which venue is proper; and (4) directing that Judgment now be entered dismissing this action without prejudice.

DATED:   August 10, 2005

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

10

Slip Copy                                                                Page 1

Slip Copy, 2007 WL 1202881 (9th Cir.(Cal.))
(Cite as: 2007 WL 1202881 (9th Cir.(Cal.)))

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)

United States Court of Appeals,
Ninth Circuit.
**George M. LEWIS**, M.D., Plaintiff-Appellant,
v.
Evan BAYH, U.S. Senator, Indiana; et al., Defendants-Appellees.
**No. 05-56930.**

Submitted April 16, 2007. [FN*]
Filed April 24, 2007.
**George M. Lewis**, Hollywood, CA, pro se.

USLA, Office of the U.S. Attorney Civil & Tax Divisions, E. Katherine O'Brien, Office of the California Attorney General, Harrington Foxx Dubrow & Canter, LLP, Michael P. Hollomon, Jr., Esq., Reiner & Hollomon, Los Angeles, CA, Joseph R. Brown, Sherman Oaks, CA, Robert I. Lester, Esq., Wayne E. Uhl, Esq., Stephenson Daly Morow & Semler, David A. Arthur, Esq., Indiana Attorney Generals Office Indiana, Indianapolis, IN, for Defendants-Appellees.

Victor E. Ramirez, Solana Beach, CA, pro se.

Appeal from the United States District Court for the Central District of California; Alicemarie H. Stotler, District Judge, Presiding. D.C. No. CV-04-02950-AHS.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM [FN**]
*1 George M. Lewis appeals pro se from the district court's judgment dismissing his action alleging defendants violated 42 U.S.C. §§ 1983 and 1985. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim and based on the statute of limitations. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir.2002). We review for abuse of discretion dismissals for improper venue. Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1253 (9th Cir.1997). We affirm.

The district court properly dismissed without prejudice Lewis's claim against Senator Bayh, because venue was improper in the Central District of California, see 28 U.S.C. § 1391(b), and Lewis neither sought to have the claim transferred nor showed that a transfer to the proper venue would be in the interests of justice, see King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992) (per curiam).

The district court properly concluded Lewis failed to state a claim under 42 U.S.C. § 1985(2), because Lewis did not allege defendants' actions hampered him from presenting an effective case in any then-pending matter in federal court. See Blankenship v. McDonald, 176 F.3d 1192, 1196 (9th Cir.1999).

The district court properly concluded the remaining claims were time-barred. See Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir.2004) (California's former one-year personal injury statute of limitations is applicable to section 1983 claims that expired before January 1, 2003).

The district court also properly declined to consider the claim against defendant Tempke, which Lewis had previously voluntarily dismissed with prejudice.

We decline to consider contentions not "specifically and distinctly argued" in Lewis's opening brief. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992).

We find Lewis's remaining contentions unpersuasive.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 2
Slip Copy, 2007 WL 1202881 (9th Cir.(Cal.))
**(Cite as: 2007 WL 1202881 (9th Cir.(Cal.)))**

**AFFIRMED.**

> FN* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

> FN** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Slip Copy, 2007 WL 1202881 (9th Cir.(Cal.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
GEORGE M. LEWIS, M.D.,                  )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        No. 1:07-CV-0939 (RMU)
                                        )
SENATOR EVAN BAYH,                      )
                                        )
        Defendant.                      )
_____ )


**[proposed] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Upon consideration of Defendant Senator Bayh's Motion to Dismiss Plaintiff's Amended

Complaint, all papers filed in support thereto and in opposition thereof, and the entire record

herein, it is on this _____ day of _____, 2007, hereby

ORDERED that Defendant Senator Bayh's Motion to Dismiss Plaintiff's Amended

Complaint is GRANTED; and it is further

ORDERED that Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.


                                        _____
                                        RICARDO M. URBINA
                                        United States District Judge