IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
GEORGE M. LEWIS, M.D.,                    )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )        No. 1:07-CV-0939 (RMU)
                                          )
SENATOR EVAN BAYH,                        )
                                          )
        Defendant.                        )
_____)

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT SENATOR EVAN BAYH'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**

On September 24, 2007, Defendant Senator Evan Bayh respectfully moved this Court,

pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff's Amended Complaint in its entirety

with prejudice for failure to state a claim upon which relief can be granted.  Plaintiff filed an

opposition to that motion.  As this reply demonstrates, that opposition fails to provide any basis

for denying defendant's motion to dismiss.

        1.       In defendant's opening brief, *see* Mem. of P. & A. in Supp. of Def. Senator Evan

Bayh's Mot. to Dismiss Pl.'s Am. Compl. at 12-15, defendant demonstrated that plaintiff's

claims are barred by one- or three-year statutes of limitations applicable to plaintiff's claims.

Plaintiff argues that his claims are not time-barred because 28 U.S.C. § 1658 provides a four-year

limitations period for his claims, and he filed his complaint within four years of his claims

accruing in July 2003.  *See* Plaintiff's Amended Motion in Opposition to Defendant's Second

Motion to Dismiss Pursuant to Fed. Rules Civil Proc. Rule 56(f) [hereinafter "Pl.'s Opp."] at 4-5,

¶¶ 8-10.  However, 28 U.S.C. § 1658 is inapplicable here.  First, Circuit precedent set forth in defendant's opening memorandum establishes that the applicable limitations period for plaintiff's claims brought under 42 U.S.C. §§ 1983, 1985, 1986, or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is one or three years, and not the four-year period in 28 U.S.C. § 1658.  *See* Mem. of P. & A. in Supp. of Def. Senator Evan Bayh's Mot. to Dismiss Pl.'s Am. Compl. at 12-13.  Second, 28 U.S.C. § 1658(a) states expressly that it applies to "a civil action arising under an Act of Congress enacted after the date of the enactment of this section."  That section was enacted in 1990, *see* Pub. L. 101-650, Title III, § 313, 104 Stat. 5114; sections 1983, 1985, and 1986 of title 42 of the United States Code were all originally enacted in the civil rights statutes of the post-Civil War period, well before 1990.  *See* Act of Apr. 20, 1871, ch. 22, §§ 1, 2, & 6, 17 Stat. 13, 15.  Therefore, the four-year statute of limitations set out in 28 U.S.C. § 1658 does not apply to plaintiff's claims.[1]

Accordingly, having failed to bring this action within three years of plaintiff's admitted knowledge of the actions underlying his claims, the statute of limitations bars plaintiff's claims and, therefore, his amended complaint must be dismissed.

2.    Plaintiff also argues that his amended complaint contains allegations of actions in 2005 that should be treated as part of a "continuing tort" tolling the statute of limitations.  *See* Pl.'s Opp. at 6, ¶ 14.  However, this Circuit has noted that "the 'continuing tort' argument appears to be unavailable under District of Columbia law."  *DeBerry v. First Government Mortgage and Investors Corp.*, 170 F.3d 1105, 1110 n.9 (D.C. Cir. 1999).  Moreover, the actions

---

[1]  The limitations period in 28 U.S.C. § 1658 is also inapplicable to a claim under *Bivens*, as such a claim is not one "arising under an Act of Congress."  It should be noted that in his opposition, plaintiff expressly rejects any attempt to read his amended complaint to be raising a *Bivens* claim.  *See* Pl.'s Opp. at 14, ¶ 32.

plaintiff alleges from 2005 – "ongoing illegal monitoring of his cellular telephone," Plaintiff's

Amended Complaint at 54, "receiv[ing] many strange and sexually suggestive text messages at

different times of the day and night," *id.* at 55, power outages (including one affecting the city of

Los Angeles) aimed solely at preventing him from filing a brief in one of his lawsuits, *id.* at 55-

56, and the hovering of "a very large helicopter . . . over Plaintiff's building," *id.* at 57 – contain

no factual allegations of any specific actions (indeed, of *any* actions at all) by Senator Bayh, nor

of any link beyond the wholly speculative between the alleged events and the earlier allegation

that Senator Bayh blocked release of documents in response to plaintiff's 2001 FOIA request.

Accordingly, plaintiff cannot evade the bar of the statute of limitations regarding his claims

against Senator Bayh by adding in these more recent, though equally unsupported, unrelated

allegations of harassment by unnamed third persons.

      3.     Plaintiff's assertion that he "has not had the opportunity to conduct sufficient

discovery" and, therefore, the Court should deny the motion to dismiss because plaintiff is unable

to address the arguments in defendant's motion regarding his claims, wholly misunderstands the

basis of defendant's motion to dismiss and the function such a motion plays under the Federal

Rules of Civil Procedure.[2]  Defendant moved to dismiss the complaint based on the position that,

even accepting the allegations of the amended complaint as true, plaintiff's amended complaint

---

    [2]  Plaintiff's assertion that "[defendant's] counsel assiduously avoided making any
explicit mention of Fed. R. Civ. Proc. 12(b) as the basis upon which his defense rests" is
incorrect.  Pl.'s  Opp.  at 2, ¶ 2.  In the first sentence of his motion to dismiss the amended
complaint, defendant expressly stated that the motion was being made "pursuant to Fed. R. Civ.
P. 12(b)(6)."  Def. Senator Evan Bayh's Mot. to Dismiss Plaintiff's Am. Compl. at 1.

fails to state a claim as a matter of law.  Defendant did not submit any evidence outside plaintiff's amended complaint[3], nor did he request that the Court convert the motion to one for summary judgment.  Hence, plaintiff's request for discovery provides no basis for denying defendant's Rule 12 motion to dismiss and is irrelevant to the Court's consideration of a motion that tests the legal sufficiency of plaintiff's complaint.  *Cf. Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073,1083 (7th Cir. 1987) ("It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case.  Discovery fills in the details, but you must have the outline of a claim at the beginning.").  Furthermore, defendant has asserted a qualified immunity defense to plaintiff's claims, and the Supreme Court has instructed that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

---

[3]  Defendant's motion attached rulings by the courts in plaintiff's prior suits, but such matters are judicially noticeable and properly can be considered by the Court on a Rule 12 motion without converting the motion to one for summary judgment.  *See Sibley v. Breyer*, 456 F. Supp. 2d 43, 45 (D.D.C. 2006) (In deciding a motion to dismiss, "[a] court may take judicial notice of public records from other proceedings.") (citing *Covad Comms. Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)); *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 165 n.3 (D.D.C. 2006) ("Consideration of [public records from prior judicial proceedings] does not require the Court to treat defendant's motion to dismiss as a motion for summary judgment.").

## CONCLUSION

In sum, plaintiff's opposition fails to rebut the grounds set forth in defendant's motion to dismiss.  Accordingly, for the foregoing reasons and the reasons set forth in Defendant Bayh's memorandum in support of his motion to dismiss the amended complaint, the Court should dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

Respectfully submitted,


_/s/_____
Morgan J. Frankel, Bar #342022
Senate Legal Counsel

Patricia Mack Bryan, Bar #335463
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
Tel: (202) 224-4435

October 18, 2007                          Counsel for Defendant Senator Evan Bayh

## CERTIFICATE OF SERVICE

In accordance with LCvR 5.4(d), I hereby certify that on October 18, 2007, a true copy of the foregoing **Reply Memorandum of Points and Authorities in Support of Defendant Senator Evan Bayh's Motion to Dismiss Plaintiff's Amended Complaint** was served by first class U.S. mail on the following non-ECF registered party:

      George M. Lewis, M.D.
      7095 Hollywood Blvd., #1245
      Hollywood, CA 90028

      Plaintiff *pro se*

                                /s/_____
                                Morgan J. Frankel