**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| GEORGE M. LEWIS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0939 (RMU) |
| | : | | |
| v. | : | Document No.: | 12 |
| | : | | |
| EVAN BAYH, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

This case comes before the court on the defendant's motion to dismiss the plaintiff's amended complaint. The *pro se* plaintiff, George M. Lewis, brings suit against Senator Evan Bayh, cataloguing and attributing ten years of personal difficulties to the defendant's involvement in a civil conspiracy to violate his Fourth, Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The defendant moves to dismiss the plaintiff's complaint, contending that the claims fall outside the statute of limitations or alternatively that the complaint fails to state a claim on which relief can be granted. Because all but six of the alleged conspiratorial acts occurred outside the statute of limitations period, the court dismisses these claims. The court dismisses four of the remaining six claims as frivolous. Because the remaining two claims fail to state a claim, the court dismisses them as well.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, a medical doctor filed this action alleging that he was evicted from his home in Hamilton County, Indiana, on July 9, 1998 in violation of his constitutional rights.  Am. Compl. at 25.  In January 2001, the plaintiff contacted Senator Charles Grassley, who forwarded the plaintiff's request for an inquiry to the Department of the Treasury three months later.  *Id.* at 8.  The Department of the Treasury subsequently had the Treasury Inspector General for Tax Administration ("TIGTA") investigate the allegations.  *Id.*  The TIGTA produced seven investigative reports addressing the plaintiff's numerous complaints.  *Id.*

In August 2001, the plaintiff submitted Freedom of Information Act ("FOIA") requests in an effort to obtain copies of these reports.  *Id.*  The Department of the Treasury released 509 of the 714 pages of the reports and withheld the remaining pages under applicable FOIA exemptions.  *Id.*  Thereafter, the plaintiff filed suit under FOIA in the Central District of California challenging the Department of the Treasury's decision to withhold portions of the reports, but that court upheld the claimed exemptions.  *Id.*

The plaintiff alleges that before the decision was made to withhold the 205 pages, the defendant reviewed the documents and instructed the Department of the Treasury to block those portions of the reports from the plaintiff, thus violating his constitutional rights.  *Id.* at 9.  The plaintiff contends that the defendant blocked the pages that "pertained to the alleged official misconduct of the public officials, private citizens, business, law enforcement officer, members of the bar, and other Indiana constituents," who were all involved in a conspiracy to deprive the plaintiff of his constitutional rights.  *Id.*  After becoming aware of the conspiracy in July 2003, the plaintiff allegedly suffered numerous other harms, all in continuance of the conspiracy.  *See generally* Am. Compl.

In 2004, the plaintiff filed a complaint in the Central District of California against Senator Bayh and various federal, state and local officials, as well as private citizens and companies alleging civil and constitutional rights violations. *Id.* at 2. That court dismissed without prejudice the claims against Senator Bayh for improper venue and dismissed the claims against the other defendants for failing to bring them within the statute of limitations and failing to state a cognizable claim. *Id.* On appeal, the Ninth Circuit affirmed the dismissal of the plaintiff's complaint. *Id.* at 3.

Shortly thereafter, on May 21, 2007, the plaintiff filed a complaint in this court, making similar allegations but naming only Senator Bayh as a defendant. *Id.* at 1. On August 3, 2007, the defendant moved to dismiss the original complaint. On September 10, 2007, prior to the court ruling on the defendant's motion to dismiss, the plaintiff filed an amended complaint. The defendant then filed a motion to dismiss the amended complaint. Fully briefed, the court now turns to resolve this motion.

### III.  ANALYSIS

#### A.  Statute of Limitations

#### 1.  Legal Standard for Rule 12(b)(6) and Statute of Limitations

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because statute of limitations issues often depend on contested questions of fact, however, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court

should grant a motion to dismiss only if the complaint on its face is conclusively time barred. *Id.*; *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985). If "no reasonable person could disagree on the date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).

### 2. The Plaintiff's § 1983, § 1985 and *Bivens* Claims Arising Before May 21, 2004 are Time Barred

"[C]laims under § 1983 are governed by the residual or general personal injury statute of limitations." *Carney v. Am. Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998). In the District of Columbia, D.C. Code § 12-301(8) governs such claims and provides a three-year statute of limitations. D.C. Code § 12-301(8); *see Carney*, 151 F.3d at 1096 (stating that D.C. Code § 12-301(8) provides the statute of limitations for § 1983 claims). In addition, "[t]he same three year statute of limitations [that applies to § 1983 claims] applies to claims brought pursuant to 42 U.S.C. § 1985," *Savage v. District of Columbia*, 2003 WL 843326, at *1 (D.C. Cir. May 7, 2003); *accord Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir. 2002), and to most *Bivens* actions, *Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416, 1429 (D.C. Cir. 1986) (citing *Hobson v. Wilson*, 737 F.2d 1, 32 (D.C. Cir. 1984)). The one-year limitations period set out in D.C. Code § 12-301(4) applies "only for *Bivens* actions analogous to [those] common law actions mentioned in [D.C. Code § 12-301(4)]." *Id.* (citing *Hobson*, 737 F.2d at 32 n.99). The common law actions listed in D.C. Code § 12-301(4) are "libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment." D.C. Code § 12-301(4).

The plaintiff filed his original complaint on May 21, 2007. Even applying the more generous three-year statute of limitations to all the plaintiff's claims, the plaintiff alleges only six

4

overt acts that occurred after May 21, 2004 – *i.e.*, within the limitations period – in furtherance of the conspiracy.¹ But the plaintiff argues that the court should entertain all his claims because 28 U.S.C. § 1658 provides a four-year statute of limitations.² The defendant challenges this argument, contending that (1) D.C. Circuit law provides statutes of limitations for § 1983, § 1985 and *Bivens* claims; (2) § 1658 cannot apply to *Bivens* claims because it is not an action "arising under an Act of Congress"; and (3) § 1658 applies only to actions based on acts of law enacted after its own enactment date, December 1, 1990. Def.'s Reply at 1-2.

The defendant is correct on all accounts. As discussed *supra*, D.C. Circuit law clearly provides one-year or three-year statutes of limitations for § 1983, § 1985 and *Bivens* claims. *See Savage*, 2003 WL 843326, at *1; *Banks*, 802 F.2d at 1429. Second, a *Bivens* claim does not arise under an Act of Congress but, instead, is a judicially-created remedy for violations by federal officials. *See Bivens*, 403 U.S. 388. Thus, § 1658 does not apply to *Bivens* claims. *Kurinsky v. United States*, 33 F.3d 594, 599 (6th Cir. 1994) (stating that § 1658 does not apply to *Bivens* claims because they "do not arise under 'an Act of Congress'"), *abrogated on other grounds*, *Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831 (2008). Finally, § 1658 does not apply to causes of action that were not "made possible by a post-1990 enactment." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). The lone post-1990 amendment to either § 1983 or § 1985 is a 1996 amendment to § 1983 adding language regarding the immunity of judicial officers from injunctive relief. Pub. L. 104-317 § 309(c). Because the plaintiff's claims do not "arise under"

---

¹ Examples of the plaintiff's time-barred accusations include attempts on his life, theft of his belongings, extortion, unlawful eviction, suspension of his medical license, abuse of process, obstruction of justice and fraud. Am. Compl. at 18, 21, 24-25, 45. The six timely claims are discussed in more detail *infra*.

² Section 1658 states that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658.

this amendment to § 1983, the four-year statute of limitations provided by § 1658 does not apply to the plaintiff's § 1983 or § 1985 claims. *But cf. Jones*, 541 U.S. at 383 (applying § 1658 to § 1981 claims because the "causes of action were made possible" by the 1991 Amendments to § 1981). For these reasons, § 1658 does not provide the appropriate statute of limitations for the plaintiff's § 1983, § 1985 or *Bivens* claims.

In the alternative, the plaintiff argues that the court should consider his pre-May 21, 2004 claims timely under the continuing torts doctrine. Pl.'s Opp'n at 6. But this district has rejected the continuous tort doctrine in civil conspiracy cases "absent special circumstances . . . such as fraudulent concealment." *Lawrence v. Acree*, 665 F.2d 1319, 1324 (D.C. Cir. 1981). If such circumstances do not exist, "overt acts committed outside [the] statutory limitation period are not actionable even if they are part of a continuing conspiracy that included overt acts within [the] limitation period." *Id.* (quoting *Kadar v. Milbury*, 549 F.2d 230, 234-35 (1st Cir. 1977)); *see also Mizell v. N. Broward Hosp. Dist.*, 427 F.2d 468, 475 (5th Cir. 1970). Stated differently, absent fraudulent concealment, the statute of limitations runs separately for each overt act making up the conspiracy. Accordingly, for the court to consider the plaintiff's pre-May 21, 2004 claims, the plaintiff must show that "ignorance of the fraud has been produced by affirmative acts of the guilty party in concealing the facts." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 647 (1992) (citing *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 347-48 (1875)).

Here, the plaintiff concedes that he was aware of the defendant's alleged involvement in the conspiracy by July 2003. Am. Compl. at 15-16 (recalling that it was during a dramatic play that "the 'third party congressional review' finally made sense" and that the plaintiff "adduced [sic] the 'third party' may have been . . . Senator Evan Bayh"). Because the plaintiff was aware of the conspiracy in July 2003, he cannot claim fraudulent concealment, and his claims arising

6

prior to May 21, 2004 are time barred. *Pope*, 641 F. Supp. at 496 (rejecting the plaintiff's fraudulent concealment argument because the "plaintiff's own submissions show that he knew of the basic acts alleged in the complaint" more than three years before filing the complaint).[3]

### 3. The Court Dismisses the Plaintiff's Claim Under 42 U.S.C. § 1986

The defendant argues that the court should dismiss the plaintiff's claims under 42 U.S.C. § 1986 because the plaintiff filed outside the one-year statute of limitations provided by the statute. Def.'s Mot. at 13. Again, the plaintiff counters that the court should utilize the four-year statute of limitations provided by 28 U.S.C. § 1658 or apply the continuing tort doctrine. Pl.'s Opp'n at 4, 6.

42 U.S.C. § 1986 expressly states that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. Just as applied to the § 1983, § 1985 and *Bivens* claims *supra*, § 1658 does not apply to claims brought under § 1986. *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 700 (7th Cir. 2005) (stating that "[§] 1986 contains its own one-year statute of limitations"); *see also Delaney v. Ashcraft*, 2006 WL 2265228, at *4-5 (W.D. Ark. Aug. 8, 2006) (explaining that because § 1658 applies only to those federal statutes "that do not contain their own statute of limitations" and § 1986 contains its own one-year statute of limitations, the four-year statute of limitations provided by § 1658 does not apply). Furthermore, application of the continuing torts doctrine, even if it applied in this case, cannot save the plaintiff's § 1986 claim because the last overt act allegedly occurred in September 2005, more than a year prior to the plaintiff's filing of this claim in May 2007. Am. Compl. at 56-57 (alleging that a power outage and helicopter

---

[3] Even if the plaintiff's pre-May 21, 2004 claims were not time barred, the court's analysis of his claims that arise after May 21, 2004 applies with equal force to these claims because they are all tied to the defendant with a tenuous, conclusory and far-fetched hope not based in reality. *See infra* part III.C.2.

surveillance in September 2005 violated his constitutional right to access the courts). Therefore, the plaintiff's § 1986 claim is time barred.

## B. Frivolous Claims

### 1. Legal Standard for Frivolous Claims

It is well-settled law that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). This Circuit has stated that dismissal under 12(b)(1) is appropriate "when the complaint is 'patently insubstantial' presenting no deferral question suitable for decision." *Best v. Kelly*, 39 F.2d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)); *accord O'Brien v. United States Dep't of Justice*, 927 F. Supp. 382, 384 (D. Ariz. 1995); *Shoemaker v. United States*, 1997 WL 96543, at *5 (S.D.N.Y. Mar. 5, 1997); *O'Connor v. United States*, 159 F.R.D. 22, 25 (D. Md. 1994). The D.C. Circuit explained that for complaints to be considered patently insubstantial, they cannot merely be doubtful or questionable, but rather they have to be "essentially fictitious." *See Best*, 39 F.2d at 330. Examples of essentially fictitious claims are "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," and "any sort of supernatural intervention." *See id.* "[A] district court has the power to dismiss a case *sua sponte* if it is frivolous." *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001-02 (D.D.C. 1975) (citing 1 FED. PRAC. 2d § 0.60[6]).

### 2. Four of the Remaining Six Claims are Frivolous

The plaintiff argues that the defendant has aided in the on-going conspiracy to deprive him of his right to access the courts by conspiring to: (1) hack into his personal computer; (2)

monitor his telephone calls; (3) cause a power outage affecting the west side of Los Angeles; and (4) annoy and track him via helicopter. Am. Compl. at 53-57. Courts have held that claims alleging, without any evidence, that the defendants hacked a plaintiff's computer and tapped a plaintiff's phone are frivolous. *See Riches v. Swartz*, 2007 WL 2319819, at *1 (W.D. Va. Aug. 13, 2007) (concluding that claims including computer hacking were so "clearly fantastic" that they were frivolous); *Marczeski v. Casey*, 2007 WL 703626, at *1 (D. Conn. Mar. 5, 2007) (stating that claims including phone tapping were "'fanciful, fantastic, and delusional' to the point of being 'clearly delusional'" and thus dismissing them as frivolous (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992))). The plaintiff offers no evidence, nor does he claim to have any, that the defendant knew of or partook in these actions. *See* Am. Compl. at 54-57 (alleging that the defendant "may have been connected" to these incidents or "may have misused his position" to effectuate them). Because the court concludes that the plaintiff's general accusations of computer hacking, phone tapping, causing power failures and helicopter surveillance are "essentially fictitious" and suggest a "bizarre conspiracy theor[y]," *Best*, 39 F.3d at 331, the court dismisses the claims *sua sponte*, *Tate v. Burke*, 131 F.R.D. 363, 364 (D.D.C. 1990) (holding that the plaintiff's claims were frivolous because "she has no proof or evidence of the defendant's alleged conduct").

### C. Failure to State a Claim

#### 1. Legal Standard for Motions to Dismiss Pursuant to Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing

9

FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Twombly*, 127 S. Ct. at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal

conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

### 2.  The Court Dismisses the Plaintiff's Remaining Claims

### a.  The Plaintiff Fails to State a Claim Under § 1985

"It has long been the law in this and other circuits, that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." *Hudson v. Kagan-Kans*, 1991 WL 247838, at *2 (D.D.C. Nov. 4, 1991) (quoting *Slotnick v. Stivskey*, 560 F.2d 31, 33 (1st Cir. 1977)), *vacated in part on other grounds*, 1993 WL 32358 (D.C. Cir. Jan. 29, 1993). Although the court recognizes that *pro se* complaints are "h[eld] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still provide more than conclusory allegations to survive a motion to dismiss, *see Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997) (dismissing a *pro se* § 1985 claim for failing to "allege that there was ever an agreement or 'meeting of the minds'").

An alleged agreement or meeting of the minds is "an essential element of a conspiracy claims." *Graves*, 961 F. Supp. at 320. In this case, the plaintiff's far-flung conspiracy of wildly disconnected events stems from his conclusion that the defendant submitted a request to review documents regarding the plaintiff's alleged harms. Am. Compl. at 3-4. The plaintiff fails to provide any facts consistent with his allegations. *See generally id.* Instead, he points to an "Exhibit List Sheet," but this sheet fails to connect the defendant to the plaintiff's alleged harm. *Id.*, Ex. A. The defendant's name does not appear on the Exhibit List Sheet, and the plaintiff does not provide any other "heft" to support his allegation that the defendant was part of the conspiracy. *See id.* Furthermore, the plaintiff explicitly states that he does not know if the

defendant conducted a review of the investigative reports and characterizes his claim as "audacious." Pl.'s Opp'n at 12 (stating that discovery would uncover whether "[the defendant] was indeed, [sic] the entity responsible for third-party congressional review"); Am. Compl. at 16. The plaintiff further reveals that he did not connect the defendant to the conspiracy until he saw a dramatic play in the summer of 2003. Am. Compl. at 15. This play apparently revealed to the plaintiff (and the plaintiff alone) that the defendant "had used the august power and authority of his office . . . to violate Plaintiff's civil and constitutional rights and deny him equal protections under the law." *Id.* at 16-17. Such conclusory and fanciful allegations are patently insufficient to survive a motion to dismiss as they do not demonstrate "facts showing the existence . . . of an agreement." *Graves*, 961 F. Supp. at 321; *accord Bush v. Butler*, 521 F. Supp. 2d 63, 69 (D.D.C. 2007) (determining that "[t]he mere repetition of a conclusory statement that a conspiracy exists and that all the alleged events occurred as a result of a conspiracy are insufficient as a matter of law" (citing *McCreary v. Heath*, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005))). Therefore, because the plaintiff fails to provide a factual basis for the existence of a conspiracy, the court grants the defendant's motion to dismiss this claim.

### b. The Plaintiff Fails to State a Claim Under § 1983 or *Bivens*[4]

The defendant contends that the plaintiff's allegations fail to state a claim upon which relief can be granted. Def.'s Mot. at 18-20. The only remaining claims are the plaintiff's allegations that the defendant participated in efforts "to prevent him from prosecuting his case" in the Central District of California by soliciting the plaintiff's former patients "to file complaints

---

[4] Should the plaintiff's allegations be read as state tort claims, Am. Compl. at 21 (alleging in conclusory fashion "intentional infliction of emotional harm, defamation of character, and unintentional infliction of emotional harm"), these also fail because he failed to "present [the claims] in writing to the appropriate Federal agency within two years after such claim accrues," 28 U.S.C. § 2401(b).

with the California Medical Board of Quality Assurance" and by calling the plaintiff in the early morning hours and sending "strange and sexually suggestive text messages." Am. Compl. at 53, 55. The defendant indicates that this claim does not sufficiently allege the deprivation of any constitutional right. Def.'s Mot. at 18-20.

The court agrees: In order "[t]o state a claim under [S]ection 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Jackson v. Ponds*, 534 F. Supp. 2d 29, 31 (D.D.C. 2008) (second alteration in original) (quoting *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (internal citation omitted)).[5] "A *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Marshall v. Fed. Bureau of Prisons*, 518 F. Supp. 2d 190, 193 (D.D.C. 1990) (citing *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (internal citation omitted)).

While it is true that solicitations, phone calls and text messages hindering the preparation of a plaintiff's claims may violate a constitutionally protected right of access to courts, the plaintiff has not adequately alleged that his case fits into this category. *See Christopher v. Harbury*, 536 U.S. 403, 412-14 (2002) (noting that constitutional claims regarding deprivation of access to courts typically involve government action "presently denying an opportunity to litigate" or "specific cases that cannot . . . be tried . . . no matter what official action may be in the future"). Access to courts is a right "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Here, the plaintiff's

---

[5] Although the defendant is a federal official and § 1983 ostensibly applies to state officials, even federal officials may be liable under § 1983 provided they acted in concert with state officials. 42 U.S.C. § 1983. Because the plaintiff contends that the defendant colluded with state officials, Am. Compl. at 11, the court does not dismiss the plaintiff's § 1983 claims out of hand, *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979) (holding that a conspiracy between state and federal agents is actionable under § 1983).

13

underlying claim is that the defendant abridged his constitutional right by blocking production of records in response to his FOIA request. *See generally* Am. Compl. But there is no constitutionally protected right to government records, *see McGehee v. Casey*, 718 F.2d 1137, 1147 (D.C. Cir. 1983) (recognizing that "a litigant seeking release of government information under FOIA . . . relies upon a statutory entitlement . . . and not upon his constitutional right to free expression"), and therefore, the plaintiff has not stated a claim upon which relief can be granted. Consequently, the court dismisses the plaintiff's claims on this additional basis.

## IV.  CONCLUSION

For the foregoing reasons, the court dismisses the plaintiff's amended complaint. An order consistent with Memorandum Opinion is separately and contemporaneously issued this 9th day of September, 2008.

RICARDO M. URBINA
United States District Judge